Bell et al. *vs.* King.

---

## BELL et al. *vs.* KING.

8p 147
118 208

1. If a defendant in execution have property in the county, it is the sheriff's duty to levy upon it, unless it be exempted from seizure by law.

2. The lien of an execution does not depend upon contract, but is given by law, and imparts to the elder the right of satisfaction, in preference to one that has subsequently gone into the sheriff's hands.

3. Yet this preference of an older over a younger execution creditor, does not excuse the sheriff from a levy of the latter execution, where the property is not needed to satisfy the former.

4. A return of *nulla bona* cannot be justified by the proof of a prior lien, unless the executions creating it were actually levied.

Error to the County court of Montgomery county.

This was a motion against Bell, as sheriff, suggesting, that he could have made the money on an execution, issued from Montgomery County court, in favor of the

Bell et al *vs*. King.

defendant in error, against Garrett, Couch and Hooks. On the second day of June, eighteen hundred and thirty-five, the *fi. fa.* was received by Bell, as sheriff. The execution was returned *nulla bona.* The only property shewn to have been in the possession of either of the defendants, was four horses and a sulky, worth the amount of the execution, which belonged to Garrett.

It was admitted that a title to a piece of land, was in Garrett, worth from one thousand to fifteen hundred dollars; but Garrett was not in possession, nor was it shewn that Bell had any knowledge or notice of Garrett's title to said land. It was proved that King's attorney ordered Bell to levy on the horses and sulky of Garrett.

Bell then proved that two executions against Garrett, one for fourteen hundred and forty-two dollars, in favor of one Freeman, and one for two hundred dollars, in favor of Martin, were issued, and came into his hands as sheriff, before the execution of King, and both these executions were returned, "no property." There was no evidence that Bell had levied or sold the personal property under either execution. Upon this evidence, the court charged, that the fact of the sheriff's having older executions in his hands against Garrett, was no excuse, unless he had sold the property under such older executions,— to which exception was taken.

The error assigned, was the charge of the court below.

  *Dargan*, for plaintiffs in error.
  *Geo. Goldthwaite*, contra.

Bell et al. *vs.* King.

*Dargan*, for plaintiffs in error, contended that the oldest *fi. fa.* binds the property—(1 Conn. R. 590)—and if the sheriff sells under the junior execution, he is liable to the plaintiffs in the elder. After a levy, if the sheriff discover older executions sufficient to exhaust the property, he may return the younger *nulla bona.*—(Champenor's *ads* White, 1 Wend. 92.)

COLLIER, C. J.—The only question brought to the view of the court in this case, is this:

Can a sheriff who has returned a *fieri facias, nulla bona*, when a motion is made against him, founded upon a suggestion (under the statute) that with due diligence, the amount thereof might have been collected of the defendants in execution, successfully resist the motion, by showing that he had older *fieri facias'* in his hands, of an amount equal to the entire value of the defendants property, unless he also show that these executions, entitled to a prior lien, were levied on that property?

The mandate of the *fi. fa.* directs the sheriff, that of the goods and chattels, lands and tenements of the defendant, he make the amount thereof, &c. If the defendant have property within the county, it is the sheriff's duty to levy upon it; unless it be exempted from seizure by the law—(Frost vs. Dougal, 1 Day's Rep. 128.) The lien of an execution does not depend upon contract, but is given by the law, and imparts to the elder the right of satisfaction, in preference to one that has subsequently gone into the sheriff's hands. Yet this preference of an older over a younger execution creditor, does not excuse the sheriff from a levy of the latter, where the property

is not needed to satisfy the former, as where the creditor waives his priority or gives day, which, in the case before us, might possibly be inferred. But without resorting to any such inference, we think it clear, that a return of *nulla bona*, cannot be justified by the proof of a prior lien, unless the executions creating it were actually levied. In the case of Champenor's *ads* White, (1 Wend. R. 92,) the proceeds of the property were actually appropriated to the payment of the oldest *fi. fa.*—a circumstance which very materially distinguishes that case from the present.

The defence set up, if allowable at all, must be upon the supposition that the sheriff may be proceeded against by the older execution creditors for a neglect to make the money upon the *fi. fa's* in their favor; and thus be charged to an extent greatly beyond the value of the property which was subject to levy. It cannot be endured, that a sheriff shall be allowed to excuse himself from one neglect of duty, by interposing another. In principle, this would be to off-set one wrong, by showing that the party had committed another. Besides, it does not appear that the plaintiff, Bell, did not dispose of the older executions, as he was instructed to do; and even if he did not perform his duty in regard to them, it is by no means certain that the plaintiffs in those executions will ever require him to make good to them the consequence of his neglect. So that if the defence interposed by the plaintiffs in error was permitted to avail, it would so happen that the defendant in error might lose his debt, though the defendant in execution had ample property liable to levy and sale. The judgment of the County court must be affirmed.