### ADAMS, ET ALS. v. WHITE.

1. Upon a motion against a sheriff for the amount of a *fieri facias*, upon a suggestion that the money could have been made by due diligence, and default made, it is necessary, to support a judgment against the sheriff, that it be found affirmatively by the jury, that the money could have been made by due dilligence. A finding by them that the sheriff is liable for the amount of the execution, and ten per cent damages thereon, is not sufficient to authorize a judgment in a case of this summary character.

Error to the Circuit Court of Macon County.

This was a motion in the Circuit Court of Macon, against the plaintiff in error as sheriff, and others, as his sureties, under the statute, suggesting that the money could have been made by due diligence.

A written notice was served on the sheriff and his sureties, which avers the recovery of the judgment, that the execution which issued thereon came to the sheriff's hands—that he could

have made the money thereon by due diligence, and that the other defendants in the motion, were the sureties of the sheriff.

At the same term, during which the notice was served, the following judgment was entered:

This day came the plaintiff, by John Clark his attorney, and the defendant being called came not, but made default. On motion and suggestion to the court, that the money could have been made by due diligence, thereupon came a jury, &c. who say they find for the plaintiff the sum of one hundred and ninety one dollars eighty-three cents, and thirty-eight dollars thirty-six cents, being ten per cent damages, together with all costs of suit, for which execution may issue.

From this judgment a writ of error is now prosecuted by the defendants below, who assign for error—

That it does not appear that it was proven that Adams was sheriff, that the other defendants were his sureties—that Adams received, and did not return the execution—or that the money could have been made by due diligence.

The case was submitted by BASCOM, for plaintiffs in error, and PRYOR, for defendant in error.

ORMOND, J.—The act, under which this motion is made, is to the following effect—" whenever any sheriff, &c. to whom an execution shall have been delivered, shall fail to make the money on or before the first day of the term of the Court to which such execution shall be returnable, and the plaintiff, or his attorney, shall suggest to the Court that the money could have been made by said sheriff or coroner with due diligence, it shall be the duty of the Court forthwith to cause an issue to be made up to try the fact; and if it shall be found by the jury, that the money could have been made by the sheriff or coroner with due diligence, judgment shall be rendered against the sheriff or coroner, and his securities, or any or either of them, for the sum of money specified in the execution, together with *ten per centum* on the amount of said execution, as damages and also the costs of suit. [Aikin's Digest, 175.]

This statute contemplated a summary remedy against the sheriff, and in cases coming within its purview, required no-

thing more to fix the sheriff's liability, than that the plaintiff should prove that the money could have been made by the exercise of proper diligence on the part of the sheriff. This fact, the statute requires, should appear by the verdict of a jury. If the sheriff had appeared and contested the allegations of the suggestion, the finding of the jury, under the authority of the case of Currie v. The Bank of Mobile, [8 Porter, 360] might have been considered sufficient. This judgment was by default, and although their could not, therefore, be a technical issue made up between the parties, it was, nevertheless, necessary that the jury should have found the fact " *that the money could have been made by due diligence,*" as the right to enter judgment against the sheriff exists only in that event.

In this case, instead of finding this fact, they find that the sheriff is liable to pay the amount of the execution, and ten per cent. damages thereon. This, it is true, would have been the result of a proper finding by them, but it is a conclusion which they had not power to deduce. The uniform course of decisions in this State, upon proceedings of this summary character are, that where the judgment is by default, nothing can be intended, but that every thing necessary to the jurisdiction of the Court, must appear affirmatively. The liability of the sheriff depends upon the finding of a jury, of the want of diligence; this, where the judgment is by default, cannot be concluded out of the verdict of the jury, but must appear affirmaatively.

The case of Rountree v. Smith, 1 Stewart, 157, is in principle like this. That was an action against a sheriff for an escape. The statute provides, that the sheriff shall not be liable, unless the jury find that the escape was with the consent, or through the negligence of the sheriff; and that he neglected to make fresh pursuit. The jury found a verdict for the plaintiff, without finding expressly, that the escape was negligent, &c., and upon this ground the case was reversed, notwithstanding the verdict of the jury must have been founded on the fact, that the escape was voluntary. Upon the ground that the jury have not found affirmatively, *that the money could have been made by the sheriff with due diligence,* the judgment must be reversed and the cause remanded.