## HALLETT V. LEE AND OTHERS.

1. On a motion against a sheriff, suggesting that by due diligence, the money due on an execution could have been made, a traverse of the allegations of the suggestion, would be an issue under the statute.
2. The sheriff may plead to such a suggestion any matter in excuse or avoidance, which would negative the allegation of want of proper diligence.
3. A plea, which merely states that the execution was levied a short time before the return day, a delivery bond taken and returned forfeited, without showing a sufficient excuse for the delay, is bad.
4. It is the duty of the sheriff to provide himself with a sufficient number of competent deputies to enable him to execute the mandates of the Court within the time prescribed by law.

Error to the Circuit Court of Bibb.

THE plaintiff in error gave notice to the defendant in error, the sheriff of Bibb county, and others, his securities, that a motion would be made against him for failing to make the money on an execution which came to his hands from the Circuit Court of Bibb county, on the 24th April, 1839, in favor of the plaintiff, against Jacob Mayberry, for twenty-six hundred and forty-six dollars, besides costs; the money on which it is suggested, could have been made by due diligence.

The sheriff appeared and pleaded that he levied the execution upon the goods of the defendant in execution, on the 9th September, 1839, and before the return day thereof; that the defendant in execution, executed a delivery bond, with surety, to deliver the negroes levied on upon the 23d September, 1839, the day advertised for the sale thereof; that the negroes were not delivered, and that ten days afterwards he returned the bond forfeited, and concludes with a verification.

To this plea the plaintiff demurred, which the Court overruled, and judgment was entered for the defendants.

The error assigned is, the overruling the demurrer.

CLARKE, for plaintiff in error.

J. L. MARTIN, contra.

ORMOND, J.—The statute which authorises a suggestion

to be made to the Court, that the amount to be collected on an execution, could have been made by the sheriff, "by due diligence," requires the Court, "forthwith, to cause an issue to be made up to try the fact." The counsel for the plaintiff insists that, as the issue must consist of a denial by the sheriff of the facts alleged in the suggestion, that no plea should be received.

The sheriff discharges himself from responsibility, by showing due diligence, and to enable him to do this, nothing more is necessary than to traverse the facts contained in the suggestion, and this was doubtless the issue which the act contemplates. But if the defence of the sheriff consists of new matter, or matter in avoidance, a mere denial of the allegations of the suggestion would not be sufficient, and he must therefore be allowed to make his defence by plea.

But the plea in this case does not traverse the facts of the suggestion, nor does it state any fact which can be received as an excuse for the want of due diligence.

The only fact stated in it is, that the execution was in fact levied about three weeks before the return day thereof, that the property was not delivered on the day appointed for its sale, and that the bond taken for its delivery has been returned by him forfeited. No excuse whatever, is offered for retaining the execution nearly five months without a levy; and we must therefore infer, that during the whole of that period there was no obstacle to a levy. The plea then, is in fact, a distinct admission of the charge in the suggestion, that by due diligence, the money could have been made, and it is difficult to conceive how such a plea could be seriously opposed by counsel, or gravely entertained by the Court. It has been remarked previously by this Court, that press of business is no excuse for a sheriff in failing to make money on an execution. In proportion to the amount of business in his hands, are the emoluments of his office, and it is his duty to provide himself with a sufficient number of competent deputies to enable him to execute the mandates of the Court, within the time prescribed by law.

The judgment of the Court below should have been for the plaintiff, and it is therefore reversed, and the cause remanded.