## GARY ET AL v. WOOD.

1. Where an issue is joined upon a suggestion that the sheriff could, with due diligence have made the amount of an execution, and a general verdict returned in favor of the plaintiff, the legal inference is, that the jury have affirmed the truth of the facts alledged in the suggestion; and if the suggestion is sufficient, a judgment may be rendered thereon.

2. When the judgment entry recites that an issue was joined, but the record does not contain a plea, it will be intended that the plea was a mere denial of the case stated by the plaintiff.

3. Where the service of notice of a suggestion was effected on the sheriff only, and the judgment entry recites that "the defendant came by his attorney, &c." and a judgment is rendered on verdict against "the defendant," the inference is, that the sheriff is the party against whom the recovery is had; and his sureties can't join with him in the prosecution of a writ of error.

This was a suggestion in the County Court of Sumter by the defendant in error against Gary, as sheriff of that county and his sureties, that the sheriff could, by due diligence, have made the amount of an execution issued from that Court and placed

in his hands, at the suit of the defendant in error against John Hillman for the amount of one hundred and thirty-one dollars damages, and thirteen dollars and sixty-eight cents costs of suit.

The service of notice of the suggestion is acknowledged by the sheriff—there is no plea in the record, but a judgment was rendered as follows :

" Whereupon came the parties, the plaintiff by attorney, and the defendant by his attorney, as well as in his own proper person, and there also came a jury, to wit : Robert Arrington and eleven others, who being sworn well and truly to try the issue joined, returned a verdict in these words, ' We, the jury, find for the plaintiff, and assess his damages to one hundred and sixty-three 93-100 dollars.' It is therefore considered by the Court, that the plaintiffs recover against the defendant the sum of one hundred and sixty three 93-100 dollars, the damages aforesaid, by the jury aforesaid assessed, together with his costs by him about his motion in this behalf expended."

To revise this judgment a writ of error has been prosecuted to this Court.

BLISS & BALDWIN, for the plaintiff in error—

1. It does not appear from the record that the writ of execution named in the suggestion was placed in the hands of Gary, or that he was sheriff.

2. It does not appear to have been proved that the money could have been made on the execution by due diligence. In fact it does not appear that any of the allegations of the notice or suggestion were satisfactorily shown to the Court or jury.

3. Lastly—the judgment is against one only of the defendants below, but which one no where appears on the record.

STEELE & METCALF, for the defendant.

COLLIER, C. J.—1. The suggestion of the want of diligence on the part of the sheriff expressly asserts that the execution came to the hands of Mathias E. Gary, on the first day of April, 1841, and that he was then sheriff of Sumter county. In truth it alledges every fact with precision which was ne-

cessary to invest the Court with the summary jurisdiction provided by statute.

2. In respect to the second point made by the plaintiff in error, it is insisted that it is not enough that the suggestion be complete in its recitals and allegations, but the judgment itself must set out every fact necessary to authorize the procedure. A *single* remark in the opinion of the Court in Curry v. The Bank of Mobile, [8 Porter's Rep. 372,] may favor this argument, but the subsequent case of Adams et al v. White, [2 Ala. Rep. 37,] shows that it cannot be sustained. In the latter case the proceeding was a failure to make the money on an execution, &c. and the judgment was by default. The judgment, after reciting the appearance of the plaintiff and the default of the defendant, states that, " on motion and suggestion to the Court, that the money could have been made by due diligence thereupon came a jury, &c. who say they find for the plaintiff the sum of, &c. The Court say, " If the sheriff had appeared and contested the allegations of the suggestion, the finding of the jury, under the authority of the case of Curry v. The Bank of Mobile, [8 Porter, 360,] might have been considered sufficient."

In the case at bar, the record does not inform us what was the character of the issue on which the suggestion was tried; yet, in suits prosecuted in the usual mode, where the record does not impart information on this point, it has been repeatedly holden that it will be intended the issue was a mere denial of the complaint. By analogy, we must infer that the question tried by the jury was, whether the suggestion was true in fact. Taking this to be law, and the conclusion follows that the verdict affirms the truth of every material fact alledged in the suggestion. And issue being taken on the suggestion, it must be regarded as a part of the record, and the facts which it discloses will be quite as effectual to sustain the judgment as if shown by the entry of the Court on its minutes.

3. The notice of the suggestion does not appear to have been given to any other person than the sheriff himself, and though it was competent to have rendered a judgment against the sureties for the default of their principal, [Reid et al v. Jackson, 1 Ala. Rep. N. S. 207,] yet it must be intended that the recital in the judgment entry, that the *defendant came by*

*his attorney. as well as in his own proper person,* indicates the appearance of the sheriff only.   In Catlin, Peeples & Co. v. Gilder's ex'rs. [3 Ala. Rep. 536,] upon the margin of the judgment entry, the suit was stated against the defendants in their firm name; one of the defendants only had been served with process, who pleaded; the judgment recited that the parties came by their attornies, and the jury were empannelled to try the issue joined.    The Court held that the reasonable inference was, that they only appeared who were parties to the issue tried.    To the same effect is Puckett v. Pope, [3 Ala. Rep. 552.]

The defendant, against whom the judgment is rendered, is not mentioned by name, but as the sureties did not appear, it is clear that they are not parties to it.    If it could be regarded as a judgment against them it would be erroneous, for the omission to show by the record that it was proved to the satisfaction of the County Court, that they were the sureties of the sheriff.    [McRae et al v. Colclough, 2 Porter's Rep. 74.]

If an execution was issued on the judgment against the sheriff and his sureties, it would be entirely competent for the latter to obtain a *supersedeas* and quash it on motion, as the judgment would not warrant such an execution.    But the sureties cannot join with their principal in the prosecution of a writ of error to revise a judgment to which they are not parties—and for this misjoinder the writ of error is dismissed.