## GARY, ET AL., v. HATHAWAY.

1. Where there are several plaintiffs, whose judgments are of the same date, and whose executions came to the sheriff's hands at the same time, the right to suggest to the court that the sheriff could have made the money by due diligence, [Aik. Dig. 175, § 78,] is given to each, and neither can be affected in his right to recover of the sheriff, by the action of any other, or by his failure to act. Therefore, when several plaintiffs, having judgments and executions of equal dignity, severally suggested at the same term of the court, that the sheriff could have made the money on the execution, by due diligence, the sheriff cannot reduce the amount of the recovery, in either of the cases, by proving that judgments had been rendered against him on the other suggestions, sufficient to absorb the value of all the defendant's property subject to sale by execution.

2. Upon a suggestion against the sheriff, under the statute, a plaintiff in execution cannot recover more than the value of the effects of the defendant liable to execution.

3. Whether a court of chancery could afford relief, and apportion the fund, when several plaintiffs have, by their several judgment, recovered of the sheriff a sum beyond the value of the property of the defendant subject to sale by execation---*Quere.*

ERROR *to the County Court of Sumter.*

This was a suggestion, under the statute, by the defendant in error, against the sheriff of Sumter, alleging that, by due diligence, he could have made the money on an execution of the defendant in error.

The sheriff appeared, and an issue was made up upon the suggestion, and the jury found, that the sheriff could have made the money on the plaintiff's execution, by due diligence. The record recites, that it was made to appear to the satisfaction of the court, that certain persons (naming them) were the sureties of the sheriff, against whom, with the sheriff, judgment was entered for the amount of the plaintiffs' execution.

Pending the trial, as appears from a bill of exceptions, the sheriff offered to introduce in evidence certain judgments, which had been rendered against him, on suggestion previously, at the same term, in favor of other plaintiffs in execution, whose executions were of the same grade with that of the defendant in error, and came to the sheriff's hands at the same time; and offered to prove that these judgments would consume all the property of the defendant in execution; which evidence, on motion of the defendant in error, the court excluded, and to which the plaintiff in error excepted.

The assignments of error are—

1. That the judgment is rendered on a suggestion different from that filed, and to which they pleaded, and went to trial.

2. Because the sureties were not named in the suggestion as parties to the suit.

3. Because it does not appear that the execution was ever in the hands of the sheriff.

4 Because it does not appear to have been shown that Gary was sheriff of Sumter county during the life of the execution, or who were his sureties.

5. Because the judgment is rendered on the finding of a single fact by the jury, that the money could have been made by diligence, without the other facts being passed on by them.

6. Because the court decided matters of fact.

7. The matter of the bill of exceptions.

8. The judgment is for too much.

9. Because the judgment is not authorized by the facts found or appearing in the record.

The cause was argued at the January Term, 1843, by BLISS, for plaintiff's in error, and SMITH for defendant in error.

A re-argument being ordered, it was again argued at the June Term, 1843.

BALDWIN, for plaintiff in error.
SMITH, *contra.*

ORMOND, J.—In the case of Smith v. The Branch Bank at Mobile, at the last term, we held, as the result of all the cases on summary judgments, that when the defendant appeared and pleaded, the proceeding was like any other cause commenced in the ordinary mode, and be governed by the same rules, except that it must appear on the record that the court had jurisdiction. In this case, the sheriff appeared, and an issue was made up upon the suggestion, and the jury found, that by due diligence, the money could have been made. This disposes of the first, third and fourth assignments of error, as they are all concluded by the finding of the jury.

It was not necessary that the plaintiff should make the sureties parties to the motion; but it was sufficient to authorize a judgment against them, that the sheriff was a party; and that it was shown to the court that they were his sureties, [McRae v. Col. clough, 2 Ala. 74,] which, it appears from the record, was done in this case. If the sureties desired to contest the fact of suretyship, they could have done so, and, on the plea of *non est factum,* have submitted that question to a jury. If they omit to do so, the court has power to determine the fact. [See the case last cited, to which many might be added.]

The fact that the money could have been made by due diligence, is required by the statute to be found by the jury. Upon a general traverse of the suggestion by the sheriff, a general finding by the jury of the issue for the plaintiff, would, doubtless, include this, and satisfy the statute. What the precise issue was, we are not informed; but it must have been, either a general denial, by the sheriff, of all the facts of the suggestion, or a denial of the particular fact of want of diligence; and, in either case, the finding was sufficient to authorize a judgment. The finding, in this case, was in the precise terms of the statute, and necessarily includes other facts—as that the defendant was sheriff, and that

the execution was in his hands. [See Adams v. White, 2 Ala. Rep. 37.] As, therefore, the finding of the jury ascertained the existence of those facts on which the liability of the sheriff depended, it only remains to consider the question of law presented on the bill of exceptions.

It appears that the sheriff offered to introduce in evidence several judgments, which had been previously, but at the same term of the court, rendered for failing to make money on executions, which came to his hands at the same time with that of the plaintiff's; and, also, offered to prove that all the property of the defendant in execution was not sufficient to satisfy all the executions. The object of this evidence appears to have been to scale the recovery of the plaintiff to a *pro rata* compensation, and to place him on the same footing as if the sheriff had levied on, and sold all the property of the defendant in execution.

This is a question which has not been before presented, and is not free from difficulty. Our first impressions were, that the evidence was admissible; but, upon a re-argument, and having given the question mature deliberation, we are satisfied our first impressions were erroneous.

The statute, under which this proceeding was had, permits the plaintiff in execution, where the sheriff has failed to make the money, to suggest to the court, that it could have been done by due diligence; and if, upon an issue made up under the direction of the court, the jury find such to be the fact, judgment is entered for the plaintiff for the amount of the execution. [Aik. Dig. 175.]

We think it very clear, that where a plaintiff in execution moves against the sheriff, under this statute, he cannot recover beyond the amount which the sheriff, by diligence, could have made of the property of the defendant in execution; because, that is the extent of the injury he has sustained by the default of the sheriff, if he proves the allegations of his suggestion. Our first impressions were, that the rule would be the same where there were more plaintiffs than one, whose executions were all precisely on the same footing, and the property of the defendant in execution was not sufficient to satisfy all; but on a little reflection, it is obvious that the statute gives the right to any plaintiff in execution, who is thus injured by the default of the sheriff; and if he acts, his actions are necessarily unconnected with any other judgment ceditor, who may have the same rights with himself.

It is very clear, that several plaintiffs in execution, having each the same right to proceed under the statute, could not unite in one motion against the sheriff; nor could one make the motion on behalf of the others, as well as himself, not only because there is no community of interest, but, also, because this is a right conferred by statute, and must be exercised in the mode there pointed out. It is not a vested right to recover a sum of money of the sheriff, but is rather a right to recover a penalty of the sheriff for his neglect of duty, which is not vested until judgment is obtained. In this proceeding, therefore, each plaintiff in execution exercises a right conferred on him by the statute ; and as it is very clear that one of the several plaintiffs in execution could recover of the sheriff, though all the rest should decline to avail themselves of the privilege conferred by the statute, so it is equally certain that he cannot be affected by their action.

That this is the correct view, will be seen by looking at the consequences which would flow from a contrary doctrine. Let us suppose, as in this case, that several plaintiffs, having an equal right to proceed against the sheriff for a neglect of duty, make their suggestions at the same term of the court. The first, in point of time, must get his judgment, if the defendant had property sufficient, as the sheriff could not show that other motions were pending against him, as it could not be known that they would ever be made, or, if made, that they would be successful. When the second is called, if the sheriff is permitted to show that the judgment just rendered will absorb all the property of the defendant in execution, the recovery of the plaintiff will be scaled to a *pro rata* division. By the same process, when the third is called, the recovery will be still further reduced ; and, in the same manner, to the last, when, for the first time, will it be ascertained what the aliquot or just distributive share of each execution creditor is.

It is impossible to suppose that the Legislature contemplated such a result as this—that with rights precisely the same, the amount recovered should be different in each case, and depend upon the accident or caprice of the clerk in placing the motions on the docket. It is probable that the consequences of such a state of things as is exhibited in this record, were not foreseen by the Legislature, but which result necessarily from the separate action of each plaintiff in execution. Such a thing as compelling

contribution from, or making distribution of a fund among several persons, cannot be conceived without the concomitant power of bringing all the parties before the court interested in the matter. This a court of law cannot do; and, therefore, it appertains to the equitable power of a court of chancery. Whether that court would not, in a proper case, call all the parties before it, and apportion rateably among them, the fund which would have been produced by a sale of the property of the defendant in execution, it is not necessary now to determine. In a court of law, proceeding under this statute, we entertain no doubt that each plaintiff in execution may exercise the right conferred on him by the statute, and that he cannot be impeded or controlled in this right by the action, or by the failure to act, of any other having no greater rights than himself.

Let the judgment be affirmed.