## ROBERTSON v. LOCKE, et al.

1. Where a motion for judgment was made against the sheriff and his sureties, upon a suggestion, that with due diligence, the former might have made the amount of an execution, it appeared that the sheriff had collected the greater part of the execution before its return day, and the residue afterwards : *Held*, that as to the money collected, before the execution was returnable, the sheriff was not chargeable with neglect, and the plaintiff was not entitled to judgment against him and his sureties, in a summary proceeding under the statute.

Writ of error to the Circuit Court of Greene.

This was a proceeding against Locke, late sheriff of Greene, and the other defendants, as his securities, suggesting that the former, with due diligence, could have collected the amount of a *fieri facias,* which had been placed in his hands as sheriff, to execute and return. The defendants pleaded, 1. Not guilty. 2. That the sum of nineteen hundred and sixty dollars and ninety-four cents, was made on the execution by Locke, after the same came to his hands, and before the return day thereof. 3. That another sum, to wit, fifteen hundred and twenty-two dollars and twenty-three cents, was made on the execution by Locke, previous to its return day.

The cause was submitted to the court for its decision, upon issues taken to the defendant's pleas. In the judgment entry it is affirmed, that it appeared to the court that Locke made on the execution before the day of its return, the sum of $1,522 23, and on the day after the return, the further sum of four hundred and twenty dollars; a few days thereafter, the further sum of $18 71. All of which several sums are equal in amount to the money required to be made on the execution. It was also ascertained by the court, that the money might have been made *in toto* by the sheriff, by the employment of due diligence, previous to the return of the execution. Thereupon, a judgment was rendered in favor of the plaintiff for the money collected subsequent to the return of the *fi. fa.* with ten per cent. damages thereon, according to the statute, with costs.

Robertson v. Locke, et al.

MURPHY, for the plaintiff in error, contended, that as the sheriff could have made the money previous to the return of the execution, and had not levied, the plaintiff could not be required to receive less than the entire amount to which he was entitled. That the plaintiff had declined to receive the part collected, and was entitled to a judgment for all, with damages. He cited Watson's Sheriff, 7 Law Lib. 143, 147; Minor's Rep. 48.

J. B. CLARK, for the defendant, insisted, that the plaintiff's suggestion was not made out as to the money collected, before the *fi. fa.* was returned, and the circuit court properly refused to render judgment for that sum and damages. He referred to the case of Willard, Freeman & Co. v. Womack, [4 Ala. Rep. 539.]

COLLIER, C. J.—The statute under which this proceeding was instituted, is in these words, "Whenever any sheriff or coroner, to whom an execution shall have been delivered, shall fail to make the money on or before the first day of the term of the court to which said execution shall be returnable, the plaintiff or plaintiffs, his, her or their attorney, shall suggest to the court, that the money could have been made by said sheriff or coroner, with due diligence, it shall be the duty of the court forthwith to cause an issue to be made up, to try the fact; and if it shall be found by the jury that the money could have been made by the sheriff or coroner, with due diligence, judgment shall be rendered against said sheriff or coroner, and his securities, or any or either of them, for the sum of money specified in said execution, together with ten per centum on the amount, &c." [Clay's Dig. 218, § 85.]

This act, it will be observed, affords a summary remedy, and inflicts a penalty for a neglect of duty, and according to the repeated adjudications of this court, cannot be extended by construction beyond what its terms fairly import. The inquiry which it directs to be made upon the suggestion, is whether the money could have been made "with due diligence," and to entitle the plaintiff to a judgment, this fact must be found affirmatively by the verdict where the defendant makes default, or concluded, by the issue where he appears and pleads. [Adams, et al. v. White, 2 Ala. Rep. 37.]

In Hallett v. Lee, et al. [3 Ala. Rep. 28,] it was decided, that it was not only competent for the sheriff to traverse the allegation

of the suggestion, but he might interpose by way of plea, any matter of avoidance which constitutes a legal defence. The defendants pleas in the present case, allege facts which negative the idea of negligence, such as the statute contemplates. The failure to make the money, a fact of which the want of diligence is predicated, is denied by the second and third pleas; by the second, it is averred that the entire amount of the execution has been collected; and by the third, that the greater part of it has been made. The third plea appears to have been fully sustained by the proof, and on this as well as the other, issue was joined, and by consent, submitted to the court instead of the jury. The court affirms, that it was sustained by the proof, and to the extent of the money made upon the execution, refuses to render a judgment in favor of the plaintiff. In all this we can discover no error; for it is clear, if the sheriff made the money, he is not chargeable with a want of due diligence for not having collected it.

The judgment in this case will not preclude the plaintiff from proceeding summarily against the defendants for the money in the sheriff's hands—it, in fact, furnishes evidence sufficient to sustain a recovery upon such a motion.

Whether the plaintiff in execution may maintain an action against the sheriff at common law, and recover the full amount of it, when the sheriff is willing to pay what he has collected, where he has been guilty of negligence in not making the residue, is a question not necessary to be considered. The proceeding in the case before us, is regulated by a statute, which must be strictly pursued.

The judgment of the circuit court is affirmed.