## ANDERSON & ADAMS v. BRIGHT & LEDYARD.

1. A judgment against a sheriff, on a rule by a judgment creditor for failing to make money, is no further binding on a junior judgment creditor, not a party to it, than that such a judgment was rendered, and for what amount. If the junior creditor can establish, that the property of the defendant in execution, would have yielded a sum, in addition to the amount found by the previous jury, for this amount, abandoned from neglect, or lost through the ignorance of the senior judgment creditor, he is entitled to a judgment.

Error to the County Court of Marengo.

RULE by the defendants in error, against the plaintiffs in error, sureties of one Curry, sheriff of Marengo county, suggesting, that by due diligence he could have made the money on an execution against one Price, for $1,927, besides costs, which was delivered to the sheriff on the 29th June, 1839, and returnable on the second Monday of November, 1839.

The defendants offered in evidence, the record of a suit in favor of one Minor Woolley, against Curry as sheriff, and his sureties, from which it appeared, that an execution in favor of Woolley against Price, issued out of the circuit court of Marengo, for the sum of $974 40, and was received by the sheriff, Curry, on the 9th May, 1839, and returned no property found. That Woolley instituted a rule against Curry, in the circuit court of Marengo, and at the fall term, 1846, of said court, by the verdict of a jury, recovered of the said sheriff and his sureties, the sum of $318 66, it being found by the jury, that the sheriff could have made that amount from the said Price. They further offered evidence tending to prove, that the same identical property, now alledged, and attempted to be shown by the plaintiffs, to have been subject to their execution, was in proof, and relied upon by Woolley, as subject to his execution.

The defendants further offered in evidence to the jury, a certain other execution in favor of Woolley against Price, for over $900, which was also received by the sheriff, Curry, on the 9th May, 1839, which was in the hands of the sheriff, at the same time with that of the plaintiffs. This execution the court excluded as evidence, and the defendants excepted.

The defendants, by their counsel, moved the court to charge, that under the facts as proved, the plaintiffs had no right to recover in the present case, except as to the value of any property, which Price might have had at the time both executions were in his hands, over and above the amount which might be necessary to satisfy Woolley's execution; which the court refused, and charged the jury, that in finding their verdict, they could deduct from the amount which they might find the sheriff could have made by due diligence out of Price, the amount found by the jury in Woolley's case, and as to any excess, or remainder, the plaintiffs had a right to recover it, notwithstanding the prior *lien* in favor of Woolley's execution.

Further, that if the sheriff, by proper diligence, could not have collected from Price, more than was sufficient to satisfy Woolley's execution, and that Woolley had proceeded to rule the sheriff, although he had only recovered the amount stated, that the plaintiff had not been injured by the act of the sheriff, and could not recover. This charge the court refused to give, and in substance re-affirmed its former charge. To these the defendants excepted, and now assign them as error.

F. S. LYON, for plaintiffs in error.

1. That as the executions in favor of Woolley against Price were older than that in favor of defendants in error against him, and as Woolley had made the sheriff *liable* for failing to levy upon and sell the *same identical property* relied upon by Bright & Ledyard as subject to their execution, that plaintiffs below had no right to recover. [See Gary, et al. v. Hathaway, 6 Ala. R. 161.]

2. That if all the property held by Price was subject to the older executions in favor of Woolley in the hands of the sheriff, at the same time with that in favor of defendants in error, and Woolley proceeded to render the sheriff liable be-

fore the rule at the instance of Bright & Ledyard, that then
the plaintiffs below were not injured by the sheriff, and they
had no right to recover.

3. That the subject matter of the suit had been previously
litigated in the rule at the instance of Woolley, and the pro-
perty of Price subjected to an older lien in favor of Woolley.

4. All judgments are final and conclusive as to the facts
litigated.   The judgment in favor of Woolley as to the pro-
perty involved in Bright & Ledyard's case, was final.   [3
Phil. Ev. 830.]

MANNING, contra.

1. However binding the record of a suit may be between
the parties, it is not binding upon strangers; and is only evi-
dence of the *fact* of a recovery, and the amount.   But cer-
tainly Bright & Ledyard are not concluded by the former re-
covery of other persons in a suit not conducted by their attor-
neys, nor sustained by the evidence of their witnesses, nor
tried by a jury of their choice.   They proved that the pro-
perty·subject to the execution was worth more than Wool-
ley's witnesses or attorneys proved it to be worth, by twelve
hundred and odd dollars, and recover for that excess only.
Men's rights would be put strangely in jeopardy if they must
be settled by suits in which they have no interest or control.

2. The execution was properly rejected, as is settled in the
case of Bell, et al. v. King, 8 Por. 150.   If a *levy* had been
made of the property, and so an appropriation of it made to
pay the amount of the execution, (which would be satisfied
by the mere act of seizure of sufficient property) the case
might be different.

But not only was *not* a levy made, but Woolley cannot
even (as the bill of exceptions shows) recover any thing of
the sheriff and sureties on account of the rejected execution,
and in respect to the same property.   For both of his execu-
tions came to the hands of the sheriff at the same time, and
his recovery on account of one, in which he has tried the
whole question in respect of the property pursued, concludes
him from saying that the sheriff could have made more mo-
ney out of the same property.   So that the sheriff and his
sureties are forever protected from any further recovery by

Anderson & Adams v. Bright & Ledyard.

Woolley, on account of the same property. [Rakes' admr. v. Pope, 7 Ala. Rep. 161.] But Bright & Ledyard are not concluded from showing that the sheriff could have made more money out of the same property ; and, as before said, they get only the excess of its value after deducting what Woolley recovered.

The case shows the sheriff not only has not been before made liable for the whole value of the property, but also that now he can never be made liable for any more than its value.

The recovery by Bright & Ledyard was only of a parcel of the amount of the execution.

ORMOND, J.—The decision of the question made upon this record, turns upon the efficacy, and binding force, of the judgment against the sheriff, upon the rule instituted against him by Woolley. On the part of the plaintiffs in error, it is insisted, that it is an adjudication of the fact, that the property of Price liable to the satisfaction of the several executions in his hands, was only of the value of $318 66 ; and that as this adjudication was made upon an execution, which from the fact of its having come to the sheriff's hands, before that of the defendants in error, and was therefore entitled to priority of satisfaction, is conclusive against them, their execution being at the same time also in his hands.

It is a rule of general, if not universal application, that judgments conclude only those who are parties, or privies to the proceeding. As strangers to them cannot be benefitted by them, neither are they prejudiced, or precluded from controverting any fact thereby established. The defendants in error were not parties to the proceeding instituted by Woolley, and so far from being in privity with him, had an interest directly adverse to him ; they are therefore on the clear, and well established principles of law, bound by it, no farther than that a recovery was had of a particular sum of money. The facts upon which the judgment is predicated, however conclusive they may be on the parties to the judgment, are not binding on them as strangers to it.

Rules against the sheriff, by different plaintiffs, between whom there is no community of interest, are wholly inde-

pendent of each other, although the judgments are of the same date, the executions came to the sheriff's hands at the same time, and the neglect, or default charged by all, relates to the same property, as is shown in the strong case of Garey v. Hathaway, 6 Ala. 161. When, therefore, the rule of the present plaintiffs, came to be tried, the only question was, what was the value of the property of the defendants in execution, which might have gone to satisfy the plaintiffs' debt; when they proved it would have yielded a certain sum, it was no answer that a jury in a different case, had placed a lower estimate upon it, and a judgment had been rendered for that sum in favor of an elder judgment creditor. If they were able to establish, that by a sale of the property, it would have yielded an additional sum, for this amount, abandoned from neglect, or lost through the ignorance of the senior judgment creditor, they were entitled to a judgment, precisely as they would have been, if they had levied on other property, which by superior industry they had discovered, after the elder judgment creditor had by *laches* lost his priority.

That there were older executions, sufficient to absorb the property, but which were not attempted to be enforced, is no answer to this judgment creditor, who is endeavoring to enforce his. [Bell v. King, 8 Porter, 147.]

Let the judgment be affirmed.