# MITCHELL vs. INGRAM.

[ACTION ON FORFEITED REPLEVY BOND.]

1. *Validity of replevy bond.*—A replevy-bond, taken by the sheriff from a stranger, conditioned for the payment of the attachment, or the delivery of the property at the termination of the attachment suit, though defective as a statutory bond, (Code, § 2536,) is good as a common-law bond.

2. *Variance in description of bond; parol proof of identity.*—The omission of seventy-four cents, in describing the attachment in the replevy bond, is an immaterial variance, which is susceptible of explanation by parol evidence of identity.

3. *Estoppel by bond.*—In an action on a forfeited forthcoming or replevy bond, the obligors are estopped from denying the defendant's title to the property, or showing that it was not subject to the attachment.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Robert A. Ingram, against W. M. A. Mitchell and John T. Leftwich, and was founded on a penal bond, the condition of which was as follows:

"The condition of this obligation is such, that if the above bound W. M. A. Mitchell do pay, or cause to be paid, to Hugh Lockett, the sheriff of said county, the sum of $192, the amount of an attachment in the office of said sheriff against A. D. Waller, in favor of R. A. Ingram, and the costs that may accrue in said attachment, or deliver unto the said sheriff, in the town of Dadeville, the following property, to-wit, one negro boy, Ben, which was this day levied on to satisfy the attachment by the sheriff, at the termination of said suit, then this obligation to be void." The complaint alleged, as a breach of the condition of the bond, "that at the fall term, 1858, of said circuit court of Tallapoosa county, the said attachment suit was terminated, by the plaintiff recovering a judgment upon the same against said A. D. Waller, the defendant in said attach-- ment, for the sum of $206 43, besides costs of suit; and plaintiff avers, that said defendant, W. M. A. Mitchell, did not pay, or cause to be paid, unto the said Hugh Lockett, sheriff of said county, or to any other sheriff or person, the sum of $192, the amount of said attachment, and the costs thereof, or deliver unto the sheriff as aforesaid, in the town of Dadeville, or anywhere else, the said negro boy Ben, which was levied on to satisfy said attachment, on, before, or at the termination of said suit, although often requested so to do; and plaintiff avers, that, at the time of the making of said bond by said defendants, an attachment, issued from the circuit court of Tallapoosa county, in favor of R. A. Ingram, against A. D. Waller, returnable to the spring term of said court, 1858, for the sum of $192 74, was in the hands of said Hugh Lockett, sheriff of said county, and had been levied by him, on the 10th November, 1857, on the said negro Ben; and that said bond was given by said defendants to obtain the possession of said negro, and that, in consideration of said bond, said negro was delivered to said defendant, W. M. A. Mitchell; and, in conse- quence of said breach, plaintiff says he has sustained dam- age," &c. The defendants demurred to the complaint, "because the bond therein described, and upon which the

suit was brought, required the money mentioned in the at-
tachment to be paid, or the property levied on to be deliv-
ered by the termination of the suit; because the sheriff had
no right to take such bond; because the breaches assigned
are for not paying the money, and for not delivering the
property by the termination of the suit, when the law
allows thirty days after the rendition of the judgment for
the delivery of the property; and because said bond re-
quires the payment of the money, or the delivery of the
property, in any event, by the termination of the suit, and
whether or not there is any judgment in favor of the plain-
tiff, and imposes on the makers an obligation not author-
ized by law." The court overruled the demurrer, and the
defendants then pleaded over; but the record does not
show what pleas were filed.

On the trial, the plaintiff read in evidence the bond on
which the suit was founded, and on which was an endorse-
ment of forfeiture by the sheriff; and then offered in evi-
dence the bond and affidavit in the attachment suit, in
which the plaintiff's debt was stated to be $192 74. The
defendants objected to the admission of the papers in the
attachment suit as evidence, on account of the variance in
the description of the debt on which the attachment was
founded, and reserved an exception to the overruling of
their objection. The plaintiff then proved, by the deputy
sheriff, the levy of the attachment on the slave Ben, the
delivery of said slave to the defendants on the execution of
the bond here sued on, and that the slave was carried off
and sold by the defendant Mitchell before the rendition of
judgment in the attachment suit; "which was objected to
by the defendants," and an exception reserved to the over-
ruling of their objection. The defendants then offered in
evidence a mortgage, dated the 9th November, 1857, by
which said A. D. Waller, the defendant in the attachment
suit, conveyed the slave Ben and another to one Ridgway,
and which contained a power of sale, authorizing said
Ridgway, in the event that said Waller failed to pay cer-
tain attachments which had levied on the slaves, to adver-

tise and sell them. In connection with this mortgage, the defendants offered in evidence the several attachments therein mentioned, two of which were in favor of the defendant Mitchell; and offered to prove, that these attachments were levied on the slave, and that the slave was delivered to Ridgway under the mortgage, before the levy of the plaintiff's attachment; stating that they offered this evidence "for the purpose of proving that the slave did not belong to said Waller at the time of the levy of the plaintiff's attachment, and was not subject to levy under said attachment." The court excluded this evidence, on the plaintiff's objection, and the defendants excepted.

The several rulings of the court on the pleadings and evidence, to which exceptions were reserved, are now assigned as error.

J. FALKNER, for appellant.
BROCK & BARNES, contra.

A. J. WALKER, C. J.—A reply to all the objections made to the complaint in the court below, is found in the incontrovertible proposition, that the bond is good at common law, although, by reason of its non-conformity to some statutory requisitions, it cannot be enforced in the summary manner pointed out by the statute.—*Meredith v. Richardson*, 10 Ala. 828; *Whitsett v. Womack*, 8 Ala. 466; *Branch Bank at Mobile v. Darrington*, 14 Ala. 192; *Alston v. Alston*, 34 Ala. 15.

[2.] The omission of seventy-four cents in the description of the attachment, is an immaterial variance. The attachment, "and the description of it in the bond, corresponding in all other respects, we cannot doubt that they are the same."—See *Anderson v. Rhea*, 7 Ala. 104, where a similar objection is considered; also, *Dickson v. Bachelder*, 21 Ala. 699. Besides, the variance was susceptible of explanation by parol proof. The evidence introduced for that purpose was admissible, and established the identity of the attachment with that described.—*Meredith v. Richardson & Oneal*, 10 Ala. 828.

[3.] The conveyance of 9th November, 1857, by A. D. Waller to the defendant, was inadmissible.. The tendency of such evidence was to show title in another than the defendant in the attachment; and this the obligor in the delivery bond was by his bond estopped from doing.—*Meredith v. Richardson; supra; Mead v. Figh & Blue,* 4 Ala. 279; *Jemison v. Cozens,* 3 Ala. 636; *Dunlap v. Clements,* 18 Ala. 778; *Braley v. Clark,* 22 Ala. 361; *Cooper v. Peck & Clark, ib.* 406; *Gray v. McLean,* 17 Ill. 405; *Bursley v. Hamilton,* 15 Pick. 40; *Page & Bacon v. Butler,* 15 Mo. 73; *Dezell v. Odell,* 3 Hill, 215; *Savage v. Gunter,* 32 Ala. 469; *Gary v. Hathaway,* 6 Ala. 164.

The decisions above cited from our own reports, when followed to their legitimate sequences, commit this court to the proposition, that the obligors in a forthcoming bond, which has been forfeited, cannot be permitted, when the suit is on the bond, to controvert the defendant's property in the replevied things, by showing either an entire or a partial want of title. Hence, the proof of pre-existing liens was inadmissible.

Judgment affirmed.