Chief Justice Robertson
delivered the Opinion of the Court.
In this case, the Circuit Court overruled a motion against a Sheriff, for the penalty denounced by statute, for failing to return a fieri facias within one month after the return day.
On the hearing of the motion, it appeared that, after the execution had been levied on all the vendible property debtor, the creditor told the deputy sheriff, who made the levy, that it was his object, not to sell the debt- or’s property, but to secure it from sale by others, and instructed him therefore, uto hold up said execution, and not to proceed with the same.” It also appeared, that the depuadvertised, that he would sell the property under the execution,on a day which was about four months after the and that, about fifteen days after tbe return day of the. execution, the creditor assigned it to a stranger, who directed the deputy sheriff to proceed in making the money on the execution, and that he did proceed and sell the property according to his previous advertisement.
The sheriff relied on these facts as sufficient to excuse the failure to return the execution within one month after the return day. The Circuit Court deemed the excuse sufficient; — and we concur in that opinion.
It is evident that the creditor, by his interference and instructions, dispensed with the ordinary official action on the process, and with the regular return of it. And though his assignee afterwards directed the officer to proceed, that direction was not made until after the return day, and not only did not imply that he desired a prompt return, but clearly evinced a desire only that the officer should, according to his advertisement, proceed to make what he could by a sale of the property upon *153 which the execution had been levied. As the return day had then passed by, there could not be another levy of the same execution, and the instruction was only to “proceed” under that execution. The ease thus stands precisely as it would, had the original creditor himself, without transferring to another the benefit of the execution, told the deputy to “proceed;” whereby he would have revoked or qualified his first instructions in one particular only, and that is, as to selling the property, and not as to the holding up of the execution.
Where an ex’on creditor, not leaving the officer to the directions of the law — gives him instructions that essentially affect the performance of his duty, he exonerates the high Sheriff from the penalties to which he might otherwise be liable. And if the creditor suffers by the delinquency of the officer whom he has thus influenced, his only remedy is by a common law action
We are, on this ground, clearly of the opinion, that the sheriff is not liable, on motion, to the penalty denounced by law for a failure to return an execution within one month after the return day.
And it is also our opinion, that no instruction which could have been given to the officer, after- the return day, and after he had so far complied with thefirst instruction, could have rendered his principal liable to the statutory penalty for not returning within one month. '
A creditor, who thus interferes with the process in the hands of a deputy, thereby absolves the principal sheriff, and assumes on himself the responsibility; or m other words, waves his strict legal right to a punctilious observance of official duty by the deputy; and if he be damnified by the negligence of the officer, he must seek reparation for the actual damage, by an ordinary common law remedy. A right to the penalty is stricti juris-, and should not be admitted where the creditor has not left the officer to the instruction of the law, but has (as in this case) by his own instructions, materially relaxed or modified the legal duties, so as essentially to effect the manner and time pf performing them. The officer must have the whole time, and be left with the entire discretion given to him by law, before he should be held liable for the heavy penalty imposed for an abuse or neglect of his legal power, and discretion; or, at least, there should not be such an interference by the creditor, as to prevent a literal compliance with the law, or render it inconvenient, or at all vexatious or embarrassing.
Judgment affirmed.