# Commonwealth *against* Laub.

By the 49th section of the Act of the 15th of April 1834, the accounts of county treasurers of moneys received for the use of the commonwealth must be settled by the county auditors, and not by the auditor-general.

ERROR to the Common Pleas of *Adams* county.

The commonwealth against William Laub and others, his sureties. This was an action of debt upon the official bond of the defendant, as treasurer of Adams county, to recover the amount of moneys paid to him for tavern licenses, and licenses for the sale of foreign merchandise, and tin and clock pedlars.

The plaintiff, after giving in evidence the bond, offered the account of William Laub, treasurer of Adams county, with the commonwealth, settled by the auditor-general, and approved by the state treasurer, in pursuance of the Act of 30th of March 1811, showing a balance due of $823.60.

The defendant objected to the evidence, on the ground that since the passage of the Act of 15th of April 1834, the auditor-general had no power to settle the accounts of county officers; that the duty devolved upon the county auditors. The court rejected the

evidence, and sealed a bill of exceptions, which presented the only question in the cause.

*M'Lean* and *Reed*, for plaintiff in error, referred to the various Acts of Assembly on the subject, and argued that the Act of 1834 was not designed to repeal that of 1811.

*Stevens, contra,* insisted that the provisions of the Act of 1834 were plain, and admitted of but one construction; that the whole subject of the accounts of county officers, was referred to the county auditors.

The opinion of the Court was delivered by

SERGEANT, J.—By the 49th section of the Act of 15th of April 1834, relating to counties and townships, and county and township officers, it is enacted, that it shall be the duty of the auditors of each county, to audit, settle, and adjust the accounts of the treasurer of the county with the state treasury, and of such other officers in the county receiving money for the use of the commonwealth as may be referred to them by the auditor-general, and to make a separate report thereof to the Court of Common Pleas for the county, together with a statement of the balances due from or to such treasurer or other officer. By the 59th section of the same Act, it is made the duty of the auditors of each county, within ten days after preparing the same, to transmit to the auditor-general a certified copy of their report upon the accounts of the treasurer of the respective county with the state treasury, and of such other officers as may be referred to them as aforesaid. The 56th and 57th sections provide for appeals by the commonwealth within four months, and by the county and the officer within sixty days after the filing of the report.

It is more than probable that the change thus made in the mode of settling the accounts of the county treasurer with the commonwealth, will be productive of much inconvenience to the State officers, and often of injustice to the commonwealth; and, were the words doubtful, our inclination would be to construe them so as not to take away the power heretofore exercised by the auditor-general under the Act of 30th of March 1811. But the language of the Act of 15th of April 1834, seems to admit no other interpretation than the one given by the court below; that is to say, that the settlement of these accounts is now exclusively vested in the county auditors. If there are inconveniences in the law as it stands, it can only be corrected by the Legislature.

There do not seem to have been " any proceedings commenced" before the 1st of September 1834, the time when the Act of 15th of April 1834, was to go into operation, so as to bring the case within the exception mentioned in the last section of the Act. The bond was given and the treasurer received moneys before, but

[Commonwealth v. Laub.]

that was all. The board of county auditors would seem to have possessed, at their annual meeting on the first Monday of January, and at their other times of meeting, under the 47th section of the Act, jurisdiction over the case.

Judgment affirmed.