## ANDERSON v. RHEA.

1. A forthcoming bond must describe the execution which is thereby superseded with sufficient certainty to enable the Court to determine what execution it was intended to supersede, but a small and unimportant variance will be disregarded.

2. Where a forthcoming bond corresponds with the execution in all respects, except that the *cents* in the judgment are omitted, the variance will not affect the bond.

3. The requisition, of the statute that the bond shall be taken in double the amount of the execution, and that the property shall be delivered at twelve o'clock, noon, are directory merely.

4. A variance between the property described in the bond as having been levied on, and the indorsement of the levy on the execution, cannot be taken advantage of by the defendant.

5. The return of a sheriff that the bond is forfeited, may be impeached by proving that the defendant was ready on the day, and at the place named in the bond, to deliver the property. The appropriate mode of doing this is by superseding the execution which issued on the forfeited bond.

6. A discharge of the levy as to part of the property, by the execution of a bond for the trial of the right, after the execution of a forthcoming bond, will not dispense with an offer to deliver the residue of the property.

Error to the Circuit Court of Cherokee.

THE plaintiff in error filed her petition to supersede an execution which had issued against her as surety on a forfeited delivery bond. The object of the petition was, to supersede and quash the execution, for various reasons, but principally,

because the sheriff did not return the bond forfeited, until long after the return day of the execution—that she was ready to deliver the property, as to which the bond was supposed to be forfeited, on the day and at the place it was to have been delivered—and because of a variance between the execution and the bond.

The Court refused to quash the bond for the variance; and the plaintiff then asked leave to introduce proof, that the return made by the sheriff that the bond was forfeited, was false and fraudulent, and asked the Court to impannel a jury to try the fact, which the Court refused, and refused to permit the testimony to be introduced, and dismissed the petition. From this judgment this writ is prosecuted, and the plaintiff now assigns for error:

1. The refusal to quash, for the variance between the bond and execution.

2. In refusing to allow a jury to try the facts, and in the trial of the facts by the Court.

3. In refusing to permit the plaintiff to prove the return false and fraudulent.

WALKER, for plaintiff in error, cited Lunsford v. Richardson & O'Neil, 5 Ala. 618, and 7 Mass. 98; 1 Howard, 50; 2 Leigh. 545; 1 Ib. 442; 2 Wash. 189, upon the question of variance.

RICE, contra.

ORMOND, J.—A forthcoming bond must describe the execution which is thereby suspended, with sufficient certainty and accuracy, to enable the Court to determine what execution it was designed to suspend. But we are of opinion, that the same degree of certainty is not necessary, which is required in the description of an instrument in pleading. It will be sufficient, if the Court can with reasonable certainty, conclude that they are the same; a small and unimportant variance will therefore be disregarded.

The variances relied on are, that the execution issued for $267 11 debt, and $13 87½ costs and damages, whilst in the description of the execution in the bond the cents are omitted. We consider the variance immaterial. The execution and

the description of it in the bond, corresponding in all other respects, we cannot doubt that they are the same.

The case relied on from 5th Ala. is entirely unlike this; there the parties were not the same, and there was a difference of about three hundred dollars in the amount of the judgment, between the execution and its recital in the bond.

The requisitions of the statute, that the bond shall be taken in double the amount of the execution, and that it shall be stated that the property shall be delivered at " 12 o'clock, noon," are directory merely. That the penalty of the bond, was for less than double the amount of the execution, and that the defendant had the whole of the day to deliver the property in, were for her benefit, and she cannot complain of them.

The variance between the property described in the bond as having been levied on and the indorsement of the levy on the execution, cannot be taken advantage of by the defendant. The description of the levy is not a part of the description of the execution. The sheriff is not concluded by the levy returned on the execution, but may amend it to correspond with the truth of the case. The defendant was not bound beyond her undertaking in the bond, and might have discharged herself from the condition, by delivering, or being ready to deliver, on the day and at the place named in it, *twenty-five* head of hogs, although the sheriff returned on the execution that he had levied on *seventy-five* head.

The fact, that a bond was given for a trial of the right of some of the property levied on, and the levy discharged as to other property, after the execution of the bond, did not change or alter the obligation of the defendant to deliver the hogs, as to which the levy had not been discharged, or any bond given to try the right.

It follows from what has been previously stated, that the Court did not err in refusing to quash the bond, but we think the Court committed an error in refusing to permit the defendant to show that the return of the sheriff, that the bond was forfeited, was false.

In ordinary cases, it is true, that the return of a sheriff cannot be impeached collaterally, but we think that those returns of sheriffs, which in so many instances, by our legisla-

tion, have the force and effect of judgments, may be thus impeached, otherwise the party will be subjected to a judgment without a jury trial, and be driven to seek the aid of a Court of Chancery. These statutes are all unconstitutional, unless some mode exists by which the party against whom a judgment has thus been rendered *ex parte* can test its validity; and the cheapest and most expeditious mode of accomplishing this, is by *supersedeas*, as in this case. If the defendant was ready on the day and at the place to deliver the hogs mentioned in the bond, the return was false, and the statute judgment founded on it should be vacated. This we understand from the record, the defendant proposed to prove, and the Court refused her permission to do so.

For this error, the judgment must be reversed and the cause remanded.