ANDRESS, ET AL. V. CRAWFORD, USE, &c.

1. A return to an execution "stayed by the plaintiff till further orders," does not impart verity when the motion is against a sheriff for a false return, but he is required to sustain it by proof.

2. Where the judgment entry recites the default of the party as sheriff of a named county, and a judgment is also given against others as his sureties, it will be presumed they are sureties on his official bond.

Writ of Error to the Circuit Court of Monroe.

SUGGESTION by Crawford, suing for the use of Atkinson against Andress as sheriff, for making a false return to a certain *fi. fa.* at his suit, against one English, et al.

The suggestion sets out that the *fi. fa.* issued the 30th May, 1846, and was the same day received by the sheriff, who falsely returned it "stayed by the plaintiff till further orders." The suggestion appears dated 6th November, 1846, and describes the execution as returnable to the present term.

The judgment entry recites more fully the facts of the case, and describes Andress as the sheriff of Monroe county —its being returnable to the then present term of the circuit court—that the return was false—that the plaintiff prayed an issue—that the defendant had one day's notice of the motion, &c. Whereupon came a jury, &c. with a verdict that the return was false. The court then, upon inspection and proof of the sheriff's bond, gave judgment against him, and against Davidson, S. S. Andress, E. Andress and Haynes, as his sureties, for the amount of the execution, and ten per cent. cost and damages.

At the trial, the court charged the jury, that the sheriff was bound to prove, in this case, that the plaintiff had given the order indicated by the return. Also that the plaintiff was not bound to prove any fraudulent intent on the part of the sheriff in making the return. The defendant asked the

court to charge the jury, that the return must be taken *prima facie* as true, and the burthen of proving its falsity devolved on the plaintiff. Also that there must have been a fraudulent intention on the part of the sheriff in making the return to render him liable. These charges were refused, and the defendant excepted, as well to the charges given as to the refusal to charge as instructed.

These matters are now assigned as error, as is also the judgment against the defendants.

LESLIE, for the plaintiff in error, insisted—

1. In an action against a sheriff for a false return, a fraudulent intention to charge the party must be shown. [Sutherland v. Cunningham, 1 Stew. 438.]

2. A return by the sheriff is *prima facie* evidence in his favor. [1 Greenl. Ev. 46; 2 Ib. 487, § 592; Hartwell v. Root, 19 Johns. 347; Baylor v. Scott, 2 Por. 323.]

3. The entry does not charge the sureties as being of the sheriff of any particular county, and in summary proceedings every fact to charge the parties must appear. [Gary v. Frost, 5 Ala. Rep. 636.]

BLOUNT, contra, contended the decision in Sutherland v. Cunningham, 1 Stew. 438, has no application here, as the matter returned is rather an excuse for making a statutory return, than a return itself. Such an apology is no evidence for the sheriff. [Holderness v. Brassfield, 3 Litt. 271; Buller's N. P. 76; Glissop v. Pole, 3 M. & S. 175; Baylor v. Scott, 2 Por. 315.]

GOLDTHWAITE, J.—1. The return to the execution for which the defendants are sought to be charged, and which the verdict has ascertained to be untrue in point of fact, is not of that technical character which *prima facie* imparts verity. It is rather the assertion of a fact in discharge of the obligation to perform the mandate of the writ. In this view, the decision made in Sutherland v. Cunningham, 1 Stew. 438, has no application, for in most instances of such a return, the creditor has no means in his power to disprove the fact asserted, and if it is to be taken as true until contro-

verted, he would be entirely remediless. It is questionable whether in strict law such an indorsement is entitled to be considered as a return, as it is said to be a sufficient answer to a return of *nulla bona*, when the defendant has property, that the plaintiff directed a delay. [2 Greenl. Ev. § 593; McClure v. Colclough, 5 Ala. Rep. 65; Shannon v. Clark, 3 Dana, 152.] But however this may be, we consider it clear that whenever the truth of such a return as this is controverted, it rests with the officer to sustain it by proof. This conclusion shows there is no error in the charges given by the court, or in its refusal to give those requested.

2. The other point assumed does not seem to be sustained by the record. The judgment entry recites the principal defendant as receiving the execution as sheriff of Monroe county, and it would be a most forced presumption to conclude that those named as his sureties were so in any other capacity than as sheriff of that particular county. No other defect in the judgment is called to our notice, nor have we been able to perceive any which affects the result.

Judgment affirmed.