Lipscomb, J.
This suit was brought on a judgment obtained by Andrews, as administrator of W. Cato, against Austin, one of the plaintiff!? in error. The judgment remaining unsatisfied at the death of Andrews, Townes, having been regularly appointed administrator to the succession of Cato made vacant by Uie death'of Andrews, brings suit to revive the judgment in his name. Tlie suit is in the. nature of an action of debt at common law to revive a judgment.
Tlie plaintiffs in error contend that if there is any such judgment as described in tlie petition, it is in full force and effect, and that an action of debt cannot be sustained upon it, there being no necessity for its revival. In answer to this objection it is said that at tlie time this suit was commenced we had no statute, directing tlie mode in which tlie legal representative of a plaintiff in a judgment could be made a party to such judgment if his intestate had died after judgment, and that at common law if a plaintiff died after judgment his representative liad nomode of reviving tlie judgment and obtaining execution but by action of debt founded upon tlie judgment. It is believed that at common law no execution could have issued on a judgment after the deatli of tlie plaintiff, and that the right to enforce satisfaction in favor of tlie representative was by first obtaining a judgment in an action of debt founded upon the judg *14 ment in favor of his intestate, and that there was no other remedy known to the common law, but by that law all suits were abated by the deatli'of either party before final judgment. By the act of 8 and 9 Wit. 3 a remedy was provided where deatli takes place between interlocutory and Anal judgment. (Boon v. Roberts, 1 Tex. R., 153.) And we had no statute providing a more summary and less expensive mode of reviving a judgment in favor of ¡lie representative of a deceased person for whose benefit an administrator had obtained judgment, but died before it was satisfied, until the act of May, 1810. (Hart. Dig., art. 784.) A provision had been made in the statute of limitations for reviving a judgment that had become dormant, for a failure to keep it alive by the issuance of execution, by a scire facias or by action of debt. (Art. 237S, Hart. Dig.) It seems, therefore, that the action was well brought, so far as this objection was supposed to affect it. If there was such a judgment as is described in the petition, there can be no question that it could be revived in this way, in the name of the administrator appointed to the vacant succession of Cato after the deatli of the first administrator, Andrews. Until this was done no process could issue on the judgment for its satisfaction.
The judgment whiel; is the foundation of this suit is a statute judgment, on a statutory bond; and it claims, by the force of the statute under which it was taken, to have all the force and effect and incidents of any other judgment of a court of competent jurisdiction. The bond was given for the purchase of land, which had been levied on by the sheriff by virtue of an execution, and sold on a credit of twelvemonths. By the statute under which the sale was made, if this bond was not paid at the expiration of twelve mouths, the forfeiture is that it is to have the force and effect of a judgment; and execution may issue thereon against the principal and security in the bond as in ordinary cases of a judgment. That these statute judgments are valid judgments in law, cannot at this day bo controverted; and the question can no longer be regarded as an open one. There is a class of these statutory bonds which, on forfeiture, acquire the force and eifeot of judgments; and sometimes the term, matured into a judgment, as one milder in its usual acceptation of it than forfeiture, is used in speaking of these. They are forthcoming bonds, when property has been levied on by execution; injunction bonds, where the injunction is sued out to stay proceedings upon a judgment; and the twelve months’ bond, in this case, is of a kindred character and belongs to the same class. The statute judgments in these and the like cases, it is believed, can be sustained upon sound principles. In all of these eases there has been a judgment already rendered, between the original parties; and these bonds are all predicated upon a supposed benefit to the defendant; and there already being a judgment known to the parties before this bond is given, it makes them in some respects parties to the record of that judgment; and the securities who might claim to be a new party, cannot, after having interfered in behalf of the defendant, set up the defense, on the bond being forfeited, that they are strangers to the judgment, and cannot he charged only by a suit upon their bond. They have voluntarily made themselves parties; and it is not different in principle from a consent that judgment shall he rendered against them in a suit pending in court. The fact that a judgment had already been rendered and was subsisting as a valid judgment, is believed to be sufficient to sustain the validity of those statute judgments on principle.
It is contended,-however, that although the forfeited' bond may have the force and effect of a judgment, it would nevertheless he barred in four years by the statute of limitations, because, that it is only a contract in writing. It is true that it is a contract in writing; hut it is of a character to mature into a judgment, and does take that rank, on its being forfeited by a failure to pay the purchase money for which it was given. Before such forfeiture it is only the bond of the party, and would never acquire a higher dignity if the conditions were performed. It is difficult to perceive how it can have the force *15 and effect of n judgment, unless it. has all of its legal attributes and incidents 5 and one of ¡’.. •> ;s that it cannot be barred by four years; but it requires ten years to bar an action upon it.
The appellants contend that the judgment has been superseded and merged, and that, it- is not a valid, subsisting judgment; that it is merged in the injunction and writ of error bonds, one or both, that liad been given after it had 10;.Hired into a, judgment. The record >u Hie pro - ¡'dings in obtaining the injunction i 1 show that this proposition : - wholly n founded. The petitioner, Au.-tin, in s”< king tlie injunction, does not impugn i he judgment; but it is an admission his giving the bond, and 1 hat it had matured into a judgment.” To eomplah that, the execution is aboo. tobe en’. --ced, and his property to sold i'or ea h without the benefit of appraisement, and prays that the execution may be enjoined. The injunction w::- granted upon tlie condition of giving bond, which \,as given. The injunction was afterwards dissolved, and the.petitioner appeah'd to tlie Supreme Court from the decree dissolving tlie injunction, and gave a bond as required by law. Tlie Supreme Court affirmed tlie judgment of the District Court. The proceedings did not bring into the controversy tlie corred ness of tlie statute judgment on the twelve months’ forfeited bond. The doctrine of merger does not .arise in this case,'and it could only be made a question in determining the liability of the security in tlie injunction bond and in tlie appeal, bond.
The twelve months’ bond was executed in tlie name of Ileniy Austin, by James F. Perry, agent. The execution of the bond liad not been denied on oatli, but the defendants in tlie court below, by their counsel, asked the court to charge tlie. jury that, unless it was proven that James P. Perry had authority to sign the name of Henry Austin to the bond, they must find a verdict for the defendants. The refusal of tlie court to give the instruction asked is assigned us error.
Our statutory provision upon this subject is found in article 634, Hart. Dig., and is as follows: “That in ail cases in which a suit lias been instituted “for the recovery of an amount due upon such bond, hill, promissory note, “contract, or oilier writing obligatory, and such suit is now pending in any of “tlie courts of this Bepubiie, or in cases in which any such suit shall hereafter “he instituted, the execution of such instrument shall he regarded as proved, “and the plea of non est factum shall be considered as unavailing until the de- “ feudant, or in case there be more defendants than one, at least one of them “ shall have made oath before the court in which the case is pending that lie or “they never executed tlie said instrument, nor authorized any person to exe-“entt; it for him or them.” This language is sufficiently explicit, one would think, without any argument-, to show that if Austin wished to controvert tlie authority of Perry to execute the bond for him, it could only be done by denying that fact under liis oath.
By statute of Hie State of Mississippi, act of 1824, it is provided that when a suit is founded oil any writing, whether under seal or not, tlie court shall receive such writing as evidence of the debt, and it shall not be lawful for tlie defendant to deny the execution thereof, unless it he done by plea supported by affidavit. Under this statute a question similar to the one in this case arose in tlie Supreme Court of that State. The plaintiffs in error were sued on an indorsement made by tlieir intestate on a promissory note. Tlie indorsement was made, by Frederick Stanton, as attorney in fact for Ellis. Tlie reading of the note was objected to because the power of attorney was not produced, but tlie objection was overruled because defendants below laid filed no plea denying the authority of Stanton. Chief Justice Sharkey says : “It does not differ in “principle, from an indorsement made by Ellis in person ; it is legally his in-dorsement, and so set out in the declaration. As sncli it must be evidence, “unless denied by plea supported by affidavit. Here are persons, defendants, wlio did not execute tlie instrument, but they admit that Ellis did make *16 “it, unless they deny by non assumpsit or oi her plea, supported by affidavit, “that it was executed by him as alleged. The affidavit puts tlie plaintiff on “ proof of the indorsement in the same manner that tlie plea of non assumpsit '“ did at common law. Tlie power of attorney was necessary to make it a bintl-“ing indorsement. Of course it would have been incumbent oil (lie plaintiff “to'prove the authority. Such an affidavit would have put in issue, not only “tlie indorsement of Stanton, but his power to indorse for Ellis. But without “such affidavit the indorsement is admitted. Suppose Ellis were living and ■“defending the suit; it is plain (hat lie could not deny the indorsement except “by plea under oatli.” (Ellis, Adm’r., v. The Planters’ Bank, 7 How. Miss. R., 235.) As an adjudged case, none can claim more consideration than this, both on account of the great reputation of (lie judge who delivered it as a profound jurist, and the fact that the statute oi Mississippi, to which tlie construction of tlie learned judge was given, is so strikingly analogous to our own. We believe tliat tlie same construction should be given to our statute, and that consequently the court below did not err in refusing to give the instructions asked ■by the defendant’s counsel.
It is alleged that the court erred in setting aside the nonsuit that plaintiff had taken‘in tlie court below, and permitting an amendment to his petition after tlie case was put to the jury. The court ruled out important evidence, without which the suit could not be supported, on tlie ground of misdescription of that evidence in the petition. On which tlie plaintiff took a nonsuit, .and afterwards moved to set it aside, with a view to make an amendment in his petition. This was granted, and we do not believe, the court erred in so ruling. It is essential to the ends of justice and a fair adjudication of riie rights of parties, that tlie judge in such cases should lie allowed the exercise of a sound discretion, in view of ¡ill the attending circumstances, and unless lie has done serious injustice to tlie rights of'the adverse party by such exercise of discretion, courts of revision will rarely interpose and overrule his decision. Tlie circumstances of this case fully vindicate the correctness of the ruling of the .judge. Had tlie motion been refused tlie consequence would have been additional cost and further delay in a ease that had already sufficiently illustrated a standing reproach to judicial proceedings, that justice, though not denied, is often postponed until rights, if not destroyed, are seriously impaired.
Again, it is objected that the court, in its charge, left it to the jury to determine on the question whether the twelve mouths’ bond was a statutory bond. Tlie result of the .finding shows that the jury regarded the bond as a statutory bond. Now, if this finding was correct as to the character of the bond, tlie judgment upon that finding will not be disturbed merely on tlie ground of tlie excess of civility on the part of the judge, in conceding to tlie jury a.privilege that appertained to himself. Had lie told them what (lie record abundantly showed, that it was a statutory bond, tlie result would have been the same.
As to tlie regularity of tlie several executions that had been sued out after tlie forfeiture of the twelve months’ bond, it is not material to discuss them, because the returns on them, when offered by tlie plaintiff in support of his action, were ruled out by tlie court, and lie is not complaining of tlie ruling of tlie court in that matter. Tlie object of those returns was to fix with more certainty tlie character of tlie bond and tlie forfeiture, which is believed to be fully shown by the record, without resorting to tlie executions or the returns on them. If any of them liad been levied upon the property of the defendants, and that property sold, it might have been their interest to'show that fact from tlie executions. But it appears that they opposed tlie introduction of tlie executions and tlie returns. The,face of the bond and the record clearly designated its character.
Tlie last exception to the judgment that we consider of any importance is to the allowance of ten per cent, interest oil the judgment bond, it will be recollected that this bond was entered into and forfeited before the date of our ■ act of Cougress fixiug the rate of interest, and in all such cases we have held ■that the laws in force at the date of the transaction must govern the case, and *17 the rate of interest recoverable in such cases has been fixed at five per cent, by this court. The excess over five per cent, is not authorized by law, and if this error is not corrected by the entry of a remittitur of that excess of interest the judgment will be reversed. If the remittitur is entered the judgment will be affirmed.
Judgment affirmed.
Noa?n 2. — When execution on a forfeited bond has not been issued within twelvemonths, tho pluinliir may liavo a citation, or scire facias, (o tho principal and sureties in tho bond, to •show causo why executions should not issuo against them. (Burton v. Miller, 14 T., 299.)
Note a- -Kohl t». fie.id, 11 T., 5S5. Whore a memorandum was written under tho signature of a note, and ehargf'd to have been executed by tho defendant, its execution can be put in issue only by a pb*n ot’//o/» cstfaclmn; (Prince v. Thompson, 21 T., 4S0;) bceauso in order to bind a party to a v.rmeu contract, it is not necessary that his signature should appear at tho end of it-, provided it was written elsewhere for the purpose of giving authenticity to (lie instrument. {Fulshear v. INudnn, IS T., 275.) When tho execution o'f an instrument by an agent is put in issue, both llio authority of the agent to mako it, and its execution by him, must be shown. (Brashcar r. M irtin, 25 T., 202.) In Compton r. Stage Co., 25 T Sup., 07, it was held that where the piaintiif d M-lared upon a written contract, to which the defendants’names nowhere appeared, the general denial puts the plaintiff upon tho proof of the authority of the agent. This decision is overruled in Sessums ?>. Henry. 58 T., 87.
Nous 4. — Osborn o. Scott, 13 T., 59. When the plaintiff is forced to take a non-suit by art erroneous ruling of the court he is entitled to liavo the non-suit set aside. (Peck v. Moody. 23 T., 84.)