## JNO. BOYD, ADMR. *v.* JAS. LESTER.

**Sheriff — Failure to Return Execution — Sufficient Excuse.**

> While the execution was in force and after it had been paid, it was
> held up by instruction of the plaintiff; *held*, that under the circum-
> stances it was a sufficient excuse for the failure to return the execution.

APPEAL FROM LYON CIRCUIT COURT.

June 12, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

Whether any sufficient cause of action or not alleged in the petition as amended which, as suggested for the appellants, neither avers that any special damage was sustained by the official delinquency of the sheriff, nor that his failure to return the execution was without reasonable excuse as provided in section 4 of article 18 of chapter 36 of the Revised Statutes, vol. 1, p. 493, we think the fact alleged by the appellants, and which is sustained by a preponderance of the evidence, that while the execution was in force and after it had been paid, it was " held up by instructions of the plaintiff, James Lester," was under all the circumstances a sufficient excuse for the failure to return the execution. It does not appear that after the stay directed by the plaintiff in the executions he ordered the sheriff to take further action, nor is it otherwise framed that the officer was guilty of willful neglect. The above conclusion seems in conformity to the decisions of this court in the cases of Shaman *v.* Clark, 3 Dana, 152, and Bapit, etc. *v.* Bomer, etc., 3 B. Mon. 331.

Therefore, the judgment is reversed and the cause remanded for a new trial and for further proceedings not inconsistent with this opinion. This reversal embraces both the judgment against Young's administrator and the subsequent judgment against his sureties.