W. D. W. PECK v. L. McKELLAR AND WIFE.

1. On the trial of a suit for land the plaintiff's title deed was excluded as evidence for the reason that the notary public, in certifying its execution and acknowledgment, had used the seal of the county court instead of his own notarial seal; and by its exclusion the plaintiff was forced to ask leave to take a nonsuit, which leave was refused by the court below. *Held*, that it being apparent that the wrong seal was used by a mere mistake which the notary could rectify, and it further appearing that no negligence was imputable to the plaintiff, the nonsuit should have been allowed, and it was error to refuse it. *Held further*, that the costs resulting from the nonsuit should, under such circumstances, abide the result of the suit.

2. The right of a plaintiff to bring a second suit of trespass to try title constitutes no reason why he should be precluded from taking a nonsuit in his first suit.

3. A plea in reconvention does not debar a plaintiff from taking a nonsuit; but on the claim in reconvention the cause can proceed to trial and judgment, notwithstanding the nonsuit of the plaintiff. (On motion for rehearing.)

4. Answers of a defendant in trespass to try title, alleging title in the defendant and setting forth reasons to show such title, are not pleas in reconvention; but only amount to a plea of not guilty. (On motion for rehearing.)

APPEAL from Gonzales. Tried below before the Hon. Wesley Ogden.

Peck, the appellant, brought this suit against McKellar and wife to try title to a tract of land in Gonzales county. The defendants claimed two hundred acres of the land as their homestead. Peck derived his title through a sale made under a trust deed which had been made by McKellar and wife, and which was duly acknowledged and certified, except that the notary public had affixed the seal of the county court to his certificate of the execution and acknowledgment of the deed by the makers. This mistake of the notary does not appear to have been detected until

the trial was in progress, and the deed offered in evidence by the plaintiff. The defendant objected to the deed, and it was excluded. The plaintiff asked leave to take a nonsuit, but it was refused him, and he excepted. It was shown that the notary was absent in a distant county, and affidavits that there was a showing of diligence and surprise in behalf of plaintiff, and tending to show that the county seal had been impressed by some one on top of the original seal of the notary.

The defendants disclaimed as to all of the land except their homestead of two hundred acres. Verdict and judgment were rendered for the defendants for their homestead tract, and for the plaintiff for the residue. A new trial being refused to the plaintiff, he appealed.

*Mills & Tevis*, for appellant.—Waiving the question as to the time the county court seal was put to the certificate, the point of inquiry is: was not a state of facts presented at the trial, raised by the objection to the seal, as created such a degree of surprise to the appellant and his counsel as entitled him to a new trial? A slight recurrence to the facts will entitle him to this indulgence.

Jones's apprehensions were aroused from the indistinctness of the seal, which he communicated to his counsel. It is clear there was no county court seal to it at that time.

Subsequently, Jones, one of the trustees, drew the attention of his attorney, Lewis, who, in a few days thereafter, examined the impression, with O'Conner, another of the attorneys, and found no county court seal on the paper.

Lewis and O'Conner, on examination, both thought, the proper seal of the notary could be made out, though indistinct; yet in two months thereafter, the strongly marked impress of the county court seal is found to the paper on the trial.

The affidavit of the appellant, together with the evidence of Lewis and Jones, are full as to the fact of surprise.

The notary was not called, as it was shown he was living in a distant county, and the affidavit of the appellant shows what he reasonably expects to prove on a new trial by the notary. .

We think the case comes within the rule of the following authorities, and should be reversed on account of a new trial being refused. (Palmer v. Poppleston, 1 Hawks, N. C., 307, cited in 1 Gr. and Wat. on New Trials, top p. 185 ; Boyce v. Yoder, 2 J. J. Marsh, 515, cited above, and also in 3 vol. Gr. and Wat. top p. 946 ; Blake v. Howe, 1 Aikens, Vermont Rep., 306, cited in 3 vol. Gr. and W. New Trials, top page, 176.)

In asking a reversal, we suppose it clear, the notary could be called to show the accidental use of the county court seal of Gonzales county, instead of his own. (Nichols v. Stewart, 15 Texas 235.)

Sheriffs may amend returns at any time. (Porter v. Miller, 7 Tex., 482.)

Notaries may amend their certificates, (Chapman v. Allen, 15 Tex., 282,) being within the discretion of court.

That reconvention prevents nonsuit, is a mere question of practice, and is not an inflexible rule of law, and may be varied in the administration of justice. (Easterling v. Blythe, 7 Tex., 213.)

*J. F. Miller* and *W. H. Stewart*, for the appellees.—The defendants had plead their title, and asked to be quieted therein ; this was in effect a plea in reconvention, and would prevent plaintiff from taking a nonsuit. (Slaughter v. Halley, 21 Tex. R., 537 ; Egerton v. Power, 5 Tex., 501; 6 Tex., 412; 7 Tex., 57 ; 11 Tex., 28.)

The statute provides that defendants in a case like this shall reconvene their title, (Paschal's Digest, Art. 5295,) and in case plaintiff is defeated that he may bring a new suit within a year. (Paschal's Digest, Arts. 5298, 5299.) Article 5298, just cited, provides that if verdict and judgment go against the plaintiff, it

shall not be conclusive against him, but he may bring another suit within a year, clearly giving him the same privilege as if he had taken a nonsuit; so that even if he had the right to take a nonsuit, he has not been injured by its refusal, and this court will not reverse a case for an erroneous ruling that has worked no injury. (15 Tex. R., 430 ; 17 Id., 661.)

But I do not think the statute intended the plaintiff should have the right to dismiss or take a nonsuit after going into the trial, but will drive him to his second suit.

The second error assigned is that the court erred in excluding the evidence of F. Chenault, in connection with the deed of trust, from the jury.

The exception seems to be to the exclusion of the testimony of Chenault. How Chenault's evidence could be legal to explain the deed of trust when the deed of trust was itself rightfully excluded from the jury, I am unable to see; but I presume plaintiff's counsel meant to assign for error the exclusion of the deed of trust, in connection with the evidence of Chenault, from the jury.

The deed of trust appears first to have been acknowledged by Benjamin B. Peck, who was trustee; and afterwards, appended to Peck's acknowledgment, is what purports to be the certificate of S. Chenault, a notary public, to the acknowledgment of McKellar and wife; but it is attested by the seal of the county court, and not by the seal of the notary.

In order to convey the homestead, it is necessary that the wife be examined privily and apart from the husband, which fact must be attested by the hand and official seal of the officer taking it. (Paschal's Digest, Art. 1003.)

The law prescribes the particular kind of seal a notary public shall use, (Paschal, Art. 4692,) and his notarial acts are perfectly worthless unless attested by this seal. (Paschal's Digest, Art. 4684.)

The certificate of S. Chenault, notary public, to the acknowl-

edgment of McKellar and wife, is not attested by his official seal, and is therefore worthless, and no sort of parol proof could make it a good one.     (Berry v. Donley, 26 Texas R., 737, and cases there cited.)

To permit proof of the kind offered by plaintiff, to validate an invalid official act, would open a wide field for perjury.

The third ground assigned for error is the overruling the motion for new trial.    The rules governing applications for new trials, on the ground of surprise, are plain and well defined.

In the first place it is generally necessary, when the party is surprised by the evidence, to ask for a continuance, and not take the chances of a verdict in his favor, and then if he loses, have a new trial as a matter of course.    (Graham & Waterman on New Trials, vol. 2, 894; Thompson v. Porter, 4 Bibbs' R., 70.)    If for evidence, it must be such as will probably change the result. (4 Tex. R., 319; 19 Id., 107; 3 Id., 50; 8 Id., 463.)

In this case it is clear that no parol evidence could make that binding which the law says shall not be so.

MORRILL, C. J.—This cause presents a question of practice in the District Court as to the power of the plaintiff at any time to take a nonsuit; and also, as to the duty of the court to set aside the nonsuit when it is apparent that the plaintiff was compelled to become nonsuit from occurrences not based upon negligence or want of proper caution on his part.

The question before the court was the ownership of a tract of land, the plaintiff claiming under a deed from defendants.    The deed appeared to have been perfectly formal, and indeed was so, except that the notary had used the seal of the county court instead of his notarial seal, in attestation of his official acts, which fact was not discovered till during the progress of the trial, and was then pointed out by defendant.

As there was no doubt of the fact that the notary used the seal

of the county court through a mistake, the cause of the mistake being perfectly apparent, and as there is also no doubt of the power of the notary to rectify his mistakes and to do what he evidently supposed he had done, and what the law required him to do, and as this officer is still within the jurisdiction of the court, though not accessible at the time, the court having refused the plaintiff the use of the deed as evidence, virtually compelled him to take a nonsuit.    The repeated decisions of this court, commencing with those found in Dallam, have established the duty of the district judge to set aside the nonsuit under circumstances which, like those in this case, are beyond controversy.    The only question that could arise would be as to the terms; and we think that the costs should abide the final decision. (Austin v. Townes, 10 Texas, 24; Easterling v. Blythe, 7 Texas, 210; Houston v. Berry, 3 Texas, 235.)

The appellee, in his brief, does not pretend but that injustice has been done, but insists that the plaintiff is not precluded from bringing another suit.    This would cause additional expense, trouble and delay, and even if with these the cause could again come before the court for trial, it would be in violation of those fundamental principles that are or should actuate every court, viz.: "We buy not, we sell not, we deny not, we delay not, we defer not."

The judgment refusing to set aside the judgment entered in the case is reversed, the costs are to abide the final decision, and the cause is reinstated.

Ordered accordingly.

MORRILL, C. J.—A rehearing is requested in this case, upon the supposed rule or principle that the plaintiff cannot take a nonsuit in a case where the defendant has pleaded in reconvention.

The authorities cited by the counsel, in support of this proposition, do not sustain it.    A plaintiff voluntarily comes into court,

and he can voluntarily depart therefrom, upon paying costs, before the cause is submitted to a jury.

But when a defendant has pleaded in reconvention, the plaintiff as to that plea becomes a defendant, and it does not follow that because he takes a nonsuit against a defendant, upon a cause of action, that he can compel the defendant to take a nonsuit on his cause of action against the plaintiff. A plea of reconvention forms a separate action, and is not necessarily dependent upon the trial of the action of plaintiff.

If the plea in this cause be a plea in reconvention, the defendant could have proceeded to trial thereon after the plaintiff had announced his determination that he would no further prosecute his cause of action, and might have obtained a judgment in the same way, and recovered, as if the plaintiff had never instituted suit, and had been cited by defendant to defend upon the matters and things set up in the plea of reconvention.

An admission in open court by the plaintiff, that he has no action against the defendant, does not necessarily require the defendant to say the same thing, or of the court to so adjudicate.

But the plea set up is not a plea in reconvention. The plaintiff sued to recover land. The various pleas and answers all are to the effect that the land belongs to the defendant and not to the plaintiff. Simply stating the causes why the plaintiff does not own the land, and why the defendant does, is no more a plea in reconvention than a plea of not guilty, in an action of trespass to try title. The rehearing is refused.

Reversed and rehearing refused.