### G. S. WALKER ET AL. v. J. W. BENNETT.

1 w 351
§  649
3 w 260

(No. 53, Tex. L. J., vol. 1, p. 167.)

APPEAL from Lavaca County. Opinion by ECTOR, P. J.

§ 649. *Replevy bond not void because executed for less than the statute requires.* The bond as given by appellants was conditioned as required by law, and was a perfect statutory bond, except that the penalty was less than the statute required. [Pas. Dig. art. 3778.] It is clear, then, that the departure from the conditions prescribed by statute makes the bond less onerous. "If the departure from the conditions prescribed by statute makes the bond less onerous, then it may be enforced." [Jones v. Rey-

nolds, 2 Tex. 260.] It has been decided in Alabama and Mississippi that when the bond is for a smaller amount than the law requires it is not thereby vitiated, but a summary judgment and execution may be had. [Anderson v. Rhea, 7 Ala. 104; Jones v. Miss. & A. R. R. Co. 6 Miss. 407.] Our attention has been called to the case of Jones v. Hayes, 27 Tex. 1, in which it was held "that if a bond be executed, though not in compliance with the statute, whereby the property which has been levied on is taken from the custody of the law, the parties to such bond become the sureties for the payment of the debt of the plaintiff to the extent of the value of the property which has been surrendered. And upon proof of the breach of the condition of the bond and of the value of the property, the party in whose favor the bond is executed is entitled to recover from the obligors the value of the property for the use of the plaintiff in execution." In that case the bond was made payable to the officer who levied on the property, and not the plaintiff in execution, and suit was brought upon it as a common law obligation. In the case of The Commonwealth v. Laub, 3 Watts & Serg. 435, it was held that a variance in a statutory bond is fatal only when the conditions would impose a greater burden on the obligor than the law allows. The evidence shows that after the execution had issued on the replevy bond and been delivered to Sheriff Bennett, he went to appellants and demanded its payment or a levy, and that appellants told him if he would wait until the next ensuing Wednesday they would pay him the $200; that when the day arrived, according to promise, they paid him the money. Now, appellants insist that the money was paid by them under duress, and they sue to recover it back. The record does not present such a case as to warrant the court in finding for appellants upon any such ground, which is all that need be said on this point. If we admit that the statute did not authorize the summary proceeding on the replevy bond, as herein, it does not follow that appellants can

maintain this action and recover back the $200 voluntarily paid by them as aforesaid. Appellants had a method pointed out by statute by which they might have had the forfeiture of the same inquired into and fully determined upon issues before a jury [Pas. Dig. art. 4625], and might have availed themselves of injunction in aid of the remedy thus given. But they have not pursued these remedies, but have paid the money, and are not entitled to be relieved by this court. [Testard v. Neilson, 20 Tex. 140.] It has been long held by our courts that the summary forfeitures on statutory forthcoming bonds for the delivery of property are not unconstitutional. [James v. Reynolds, 2 Tex. 256; Austin v. Towns, 10 Tex. 24; Duncan v. Miller, 14 Tex. 229.]

January 19, 1878.                    Affirmed.