# Craven *v.* Higginbotham.

*Action on Official Bond of Constable, for False Return.*

| 83 | 429 |
| 100 | 506 |

1. *Parol evidence, contradicting officer's return.*—In an action on the official bond of a constable, against him and his sureties, to recover damages for an alleged false return of forfeited on a forthcoming bond, parol evidence is admissible to contradict the return.

2. *Trial on immaterial issue.*—If parties try their case on an informal or immaterial issue, and a repleader is neither granted nor asked for, this is conclusive of the right litigated.

3. *Action for false return by constable.*—An action lies on the official bond of a constable, to recover damages for a false return of forfeiture on a forthcoming bond, although the party aggrieved may also have a remedy by *supersedeas* of the summary execution founded on the false return.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. LEROY F. BOX.

This action was brought by Burrell Higginbotham, against W. L. Craven and the sureties on his official bond as constable; and was commenced on the 24th November, 1886. The complaint set out the bond, and alleged as breaches of the condition—1st, that the said Craven, as constable, wrongfully took plaintiff's property, to-wit, two oxen; 2d, that he wrongfully and falsely made a return of forfeiture on a certain forthcoming bond, which plaintiff had signed as surety for Mrs. S. A. Poore, whereupon an execution was issued, and levied on plaintiff's oxen, and they were sold under the levy; 3d, that the return of forfeiture on the bond was false; 4th, that the condition of the bond was fully complied with and performed. The cause was tried on issue joined, but the record does not show what pleas were filed.

On the trial, the plaintiff offered in evidence the constable's official bond, the forthcoming bond which he had returned forfeited, and the summary execution thereupon issued and levied on plaintiff's oxen. An execution against Mrs. Poore, on a judgment in favor of S. O. Striplin, had been levied on a wagon and yoke of oxen, and the bond was conditioned to have the property forthcoming on the 1st January, 1886;

and it was returned forfeited on that day. The plaintiff, testifying as a witness for himself, stated that, on said 1st January, at five minutes before twelve o'clock, Mrs. Poore drove the wagon and oxen to the appointed place, and said to the constable, "*Here is the property ; I deliver it to you; take it, and do what you are going to do with it;*" that she demanded the bond, and wanted the names of her sureties taken off; that she also produced a writing claiming the property as exempt; that the constable said he could not sell the property, because but few persons were present, and finally went away, leaving Mrs. Poore still sitting in the wagon; and that she drove away in the wagon, with the oxen, after waiting more than an hour. Other witnesses for the plaintiff testified to the same facts, in substance. The defendants objected to the admission of the parol evidence, as contradicting the constable's return, and they excepted to the overruling of their objections. The constable, testifying as a witness for the defendants, stated that it was five minutes after twelve o'clock when Mrs. Poore drove up in the wagon with the oxen; "that she did not deliver them to him, nor did he have possession of the property that day;" and he admitted, on cross-examination, that he "asked her to give a new bond, and did not refuse to accept the property because it came too late."

On this evidence, the court gave the following charges to the jury, on request of the plaintiff : (1.) "If Mrs. Poore placed the property at the disposal of the constable, this was a sufficient delivery of it, even though she still sat in the wagon." (2.) "Even if Mrs. Poore delivered the property to Craven, intending to claim it as exempt as soon as she could, or even at the same time, this was a delivery under the law." (3.) "If Mrs. Poore tendered the property to Craven, for the purpose of releasing her and her sureties from liability on the bond, and this was the only condition she intended to, and did impose, then the delivery was complete." (4.) "If the property was tendered by Mrs. Poore by twelve o'clock, it was the constable's duty to accept it, and it amounts to a delivery."

The defendants excepted to each of these charges, and they now assign them as error, with the admission of the evidence to which they excepted.

AIKEN & BURTON, for the appellants, cited *Martin v. Barney*, 20 Ala. 369; *Croft v. Dexter*, 8 Ala. 767; *Coffman v.*

[Craven v. Higginbotham.]

*Hampton,* 37 Amer. Dec. 511; *Thomas v. DeGraffenreid,* 17 Ala. 602.

STONE, ·C. J.—The present suit is brought on the bond of Craven as constable, and seeks to hold him and his sureties liable for damages, caused by an alleged false indorsement and return of "forfeited," made by the former, on a forthcoming, or delivery bond, on which Higginbotham was surety for one Mrs. Poore. It was contended in the trial court, and the contention is renewed here, that parol testimony can not be received to contradict the return of the constable. That principle has no application to a case like this, where the wrong complained of is, that the officer made a false return. It is generally the only mode by which the falsity of the return can be proved.—*Anderson v. Rhea,* 7 Ala. 104.

The suit is for the alleged false return of "forfeited," setting out the facts. There was no demurrer to the complaint, but issue was taken upon it. All the testimony objected to tended to prove the truthfulness of the averments made in the complaint; and the charges, properly construed, simply instructed the jury that, if the material averments of the complaint were proved, the plaintiff was entitled to a verdict. If parties try their case on an informal, or even an immaterial issue, and repleader is neither asked for nor granted, this is conclusive of the right litigated.—*Masterson v. Gibson,* 56 Ala. 56; *Mudge v. Treat,* 57 Ala. 1; *Ex parte Pearce,* 80 Ala. 195. We do not, however, admit that the suit was improperly brought. The fact that the relief might have been obtained on *supersedeas,* does not limit the right of redress to that single remedy.—*Baylor v. Scott,* 2 Por. 315; *Tarleton v. Gibson,* 3 Stew. 240; *Andress v. Crawford,* 11 Ala. 853; *Governor v. White,* 4 St. & Port. 441.

The question of the delivery of the wagon and the oxen was fairly submitted to the jury in the charges, and we find no error in the record.

Affirmed.