[Winter & Loeb v. Pool.]

# Winter & Loeb *v.* Pool.

*Action of Assumpsit on Promissory Note.*

| | |
|---|---|
| 100 | 503 |
| 104 | 545 |
| 104 | 582 |
| 100 | 503 |
| 114 | 243 |
| 100 | 503 |
| 117 | 422 |
| 100 | 503 |
| 120 | 500 |
| 120 | 501 |
| 100 | 503 |
| 124 | 590 |
| 100 | 503 |
| 137 | 133 |
| 100 | 503 |
| 139 | 289 |
| 100 | 503 |
| 138 | 365 |

1. *Unauthorized material alteration of promissory note.*—Upon proof that a promissory note has been altered in a material part, after its execution and delivery, the burden is cast on the plaintiff to overcome the *prima facie* intendment of invalidity from such alteration, by showing that the alteration was made with the consent of the promissor, or that it was made by a stranger having no interest in it.

2. *Same.*—An alteration in a promissory note which converts it from a non-negotiable note into commercial paper, destroys the validity of the note, unless its effect is overcome by proof that such alteration was made with the consent of the promissor or by a stranger having no interest therein.

3. *Charge confined to facts in evidence.*—In a suit on a note, an instruction that if a material alteration was made without the maker's consent, no recovery could be had, was not error, when there was no evidence that the alteration was made by a stranger.

4. *Evidence of alteration of note.*—Where the issue is whether the place of payment was inserted in a note after delivery, evidence that other notes executed by other persons to the same payee were left blank as to the place of payment is inadmissible.

5. *Charge inapplicable to pleadings.*—Where, in a suit on a note, a plea of *non est factum* is interposed, and plaintiff replies that he is a *bona fide* purchaser, and issue is joined on the replication, an instruction that, if there was a material alteration of the note by the payee after delivery, no recovery can be had, is inapplicable and erroneous.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This was an action brought by the appellants, Winter & Loeb, a partnership doing business in the city of Montgomery, against the appellee, James A. Pool; and counted on a promissory note. There was judgment for the defendant, and plaintiff appeals.

The defendant pleaded *non est factum,* and his plea was duly sworn to.

On the trial of the cause, as is shown by the bill of exceptions, the plaintiff offered in evidence the note which was the basis of the suit. This note is as follows:

"Montgomery Co., State of *Ala. Sept. 11, 1890.* $36.00. On or before the first day of *Nov. 1891,* I promise to pay L. Cahill & Co., or bearer *Thirty Six* dollars, negotiable and payable at — Bank of *Montgomery Ala.* value received. With interest at 8 per cent from *Nov.* 1st *1890;"* &c.

[Winter & Loeb v. Pool.]

Plaintiffs, as witnesses in their own behalf, testified that this note was one which was partly printed and partly written. The written part of said note is that which is italicized. They further testified that they bought the note from the agent of L. Cahill & Co. the payees "for value before maturity and without any notice or suspicion that there had been any alteration of said note;" and that at the time they bought said note it was just as it was at the time of the trial; and that the note is unpaid.

The defendant testified in his behalf that the signature to the note introduced in evidence was his own, but that said note had been altered since he signed it, and without his knowledge or consent, by filling in the blank space left in the face of said note, after the printed words "Bank of" the written words "Montgomery Ala." The defendant also introduced witnesses who testified to the same effect.

The defendant then, against the objection and exception of the plaintiff, offered in evidence similar notes being on like printed blanks, as the note sued on, which were executed by one W. J. Scaife, about the same time as the note sued on in this action. Both of the notes executed by Scaife were left blank as to the place of payment.

Upon the introduction of all the evidence the court, *ex mero motu*, instructed the jury as follows: "If they found from the evidence that the note sued on had been altered, without the consent of defendant, after it had been signed and passed out of the hands of the defendant to the payee, by the addition of the words 'Montgomery, Ala.' in the face of the note, that it rendered said note void, and that plaintiff could not recover on it against the defendant." To the giving of this charge the plaintiff duly excepted.

E. P. MORRISETT, for the appellant.

A. A. WILEY, for the appellee.

STONE, C. J.—When a note, after its execution and delivery, has been altered in a material part, *prima facie* no recovery can be had upon it. Upon proof that the paper has been so altered, the burden is cast on the plaintiff to overcome the presumed invalidity of the paper—this *prima facie* intendment. This he may do by showing that the alteration was made with the consent of the promissor, or that it was made by a stranger having no interest in it. Unless such proof is made no recovery can be had.—*Anderson v. Bellinger*, 87 Ala. 334; *Montgomery v. Crossthwait*, 90 Ala.

VOL. C.

553; 1 Amer. & Eng. Encyc. of Law, 503 et seq.; Wharton's Ev. § 626; 1 Greenl. Ev. 564, and note. An immaterial, formal alteration, not changing the legal effect of the contract, is harmless, no matter by whom made.

The alteration alleged to have been made in this case was material. It changed and converted a non-negotiable note into commercial paper. This, if proved, destroyed the validity of the note, unless its effect was overcome in one of the methods named above.

There was no testimony offered that the alteration was made by a stranger, and hence it was not necessary to allude to that question in the charge. Had there been such proof the charge would have been faulty. Being construed in the light of the testimony we find no available error in it, so far as this aspect of the question is concerned.

The Circuit Court clearly erred in the admission in evidence for the defendant of the notes made by Scaife and another to the same payees, as those shown in the note in this case. Such testimony was not admissible for any purpose in the contest between these parties. Any influence it could exert was bound to be prejudicial to the plaintiffs in this suit.

We feel it our duty to call attention to the state of the pleadings shown in this record. The complaint declares on the note as payable "to L. Cahill & Co. or bearer, and which said note has been transferred for value to plaintiff, and is now their property, and is due and unpaid." The defense consists of a single sworn plea of non est factum, in the form prescribed in the Code. The replication to this plea is in the following language: "Plaintiff replies to defendant's said plea that they purchased said note for value before maturity, and without notice of any alteration in said note." There was neither demurrer nor rejoinder to this replication. The recital in the judgment entry is, "Came the parties by their attorneys, and issue being joined on the plea of non est factum and replication of plaintiff, thereupon came a jury," &c. This is all that is shown in the pleadings and in the judgment entry in relation to the issue formed. Nor would the recital in the bill of exceptions better the defendant's condition, even if we could look to it in contradiction of what the pleadings and judgment entry show. All it affirms on this question is, that "there was a plea of non est factum and issue on it." So, the issue formed was plaintiffs' averment "that they purchased said note for value before maturity, and without notice of any alteration in said note.

We will not say this replication presented a material issue.

[McLaren v. Alabama Midland Railway Co.]

That is not the question. When parties go to trial on an immaterial issue, the verdict and judgment may be decisive of the case; and the rulings must be made to accommodate themselves to the issue as formed. If the truth of the averment in bar or preclusion be made good, this must control the finding and the judgment, irrespective of the inquiry whether it raised the question of merit in the contention. In such conditions parties must be left free to choose their own methods of forensic warfare, and to determine their conflicting claims in the manner of their mutually consenting choice. A judgment on an immaterial issue, if no repleader be moved for, is as conclusive as any other.—*Mudge v. Treat*, 57 Ala. 1; *Hammer v. Pounds*, *Ib.* 348; *Locke v. Locke*, *Ib.* 473; *Moore v. Robinson*, 62 Ala. 437; *Rosser v. Bunn*, 66 Ala. 89; *Snow v. Schomacker Mang'f. Co.*, 69 Ala. 111; *M. & E. R'w'y. Co. v. Chambers*, 79 Ala. 338; *Jones v. Collins*, 80 Ala. 108; *Craven v. Higginbotham*, 83 Ala. 429; *Ala. Gr. So. R. R. v. Arnold*, 84 Ala. 159; *Agnew v. Walden*, *Ib.* 502; *McKinnon v. Lessley*, 89 Ala. 625; *Montgomery v. Crossthwait*, 90 Ala. 553.

The foregoing principle renders the concluding clause of the court's charge inapplicable and improper in this case, as shown in the present record.

Reversed and remanded.